JOSEPH PRUSHENSKY *vs.* AMELIA PUCILOWSKI, administratrix.

Essex.   November 12, 1929. — December 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Of one owning or controlling real estate. *Landlord and Tenant,* Common stairway. *Evidence,* Matter of conjecture.

At the trial of an action by a tenant in a three story tenement building against the administrator of the estate of his landlord for personal injuries received when, in going down a common stairway leading to the cellar in the evening, he stumbled on a pail of paint, there was evidence that the landlord lived on the first floor, the plaintiff on the second, and another tenant on the third; that, in the afternoon, the plaintiff had seen the landlord go up the stairs leading into the building with a pail of paint; that later in the afternoon the plaintiff spent some time in the cellar and when he came up did not notice anything on the cellar stairs; that the landlord did what repairs were necessary to be done about the building, including painting; that he, the plaintiff, had no knowledge of what room was being painted or whether the landlord or some one with him was doing the painting; that he assumed that the landlord was painting on the third floor. *Held,* that

(1) Whether the landlord or someone else without his direction or knowledge left the pail on the cellar stairs was a matter of conjecture;

(2) While the landlord would be liable for negligently leaving or causing the pail to be left on the stairway, he would not be liable for not removing it if so placed by a third person not acting by his direction;

(3) A finding for the plaintiff was not warranted, and judgment was ordered for the defendant.

TORT, originally against Casimer Pucilowski and Amelia Pucilowski, and afterwards, following amendments, against

Amelia alone as administratrix of the estate of Casimer Pucilowski. Writ dated May 11, 1926.

In the Superior Court, the action was tried before *Keating*, J. Material evidence and rulings by the trial judge are stated in the opinion. There was a verdict for the plaintiff in the sum of $1,200. The judge, on terms stated in the opinion, reported the action for determination by this court.

*W. E. Sisk & R. L. Sisk*, for the plaintiff, submitted a brief.

*E. J. Coughlin*, for the defendants.

PIERCE, J. This is an action of tort to recover damages for injuries, alleged to have been sustained by the plaintiff through the negligence of the defendant's intestate in placing upon a common stairway a paint can upon which the plaintiff tripped and was thrown to the cellar floor. The action was brought originally against Casimer Pucilowski and his wife, Amelia, individually. Before trial Casimer Pucilowski died; the case was then tried to a jury against Amelia Pucilowski individually and as administratrix of the estate of her husband. At the close of the evidence, with the consent of the judge, the defendant not objecting, the plaintiff discontinued his action against Amelia Pucilowski individually. The jury found for the plaintiff, and the trial judge reported the case to this court upon all the evidence material to the issues, with the following stipulation: "If the trial judge was right in submitting the case against the female defendant as administratrix to the jury judgment is to be entered for the plaintiff in the sum found by the jury; otherwise judgment for the defendant."

The judge instructed the jury: "If you should find that the plaintiff did not fall because of a can being on the stairs, or through some other cause, or if you should find that he did fall because of the presence of a can on the stairs but that that can was not placed there by the defendant's intestate, her late husband, then your verdict should be for the defendant." The facts most favorable to the plaintiff as they appear in the report are in substance as follows: At the time of the accident the plaintiff lived in a three tene-

ment block owned by the defendant and her intestate.  The defendant occupied the first floor, the plaintiff was a tenant on the second floor, and the third floor was occupied by another tenant.  The stairway on which the plaintiff fell led from the first floor to the cellar and was a common passageway.  After returning home from his work, the plaintiff, at about 2:30 P.M., went down this common passageway to the cellar and remained there until three or four o'clock that afternoon.  It was light there and he did not notice anything on the stairs.  Going down the stairway to the cellar there is one step, then a wide step, then a turn and five steps to the bottom.  At about two o'clock on the same afternoon the plaintiff saw the intestate go up the stairs of the block with a gallon paint can which had a handle and cover on it.  The intestate did what repairs were necessary to be done about the block, including painting.  From this fact and from the fact that the intestate was carrying the paint can up the stairs, the plaintiff assumed that he was painting on the third floor.  He had no knowledge of what room was being painted or whether the intestate or some one with him was doing the painting.  On the same afternoon at about 6:30 the plaintiff started to go down the stairs to the cellar to get wood.  It was dark in the cellar and on the stairway, and he stepped on a gallon paint can on the wide step and fell to the floor of the cellar and could not get up.  The plaintiff's wife testified that she went downstairs and found the plaintiff lying on the cellar floor, near the steps, on his side; that there were some cans lying there and she kicked one with her foot; that she saw the basket the plaintiff was holding for the wood, and noticed dirt and paint on his trousers.

On this evidence, with all reasonable inferences to be drawn therefrom, the plaintiff failed to establish that the defendant directly or indirectly was responsible for the presence of the can on the wide step of the stairs upon which the plaintiff slipped and fell.  To find otherwise would require an inference of fact not based upon probability but upon surmise, conjecture or imagination.  *Bigwood* v. *Boston & Northern Street Railway,* 209 Mass. 345, 348.

*Morris* v. *Weene,* 258 Mass. 178. The evidence does not exclude the inference that the can was left on the stairs by the tenant of the third floor, or by some other person, without the intestate's direction or knowledge. The intestate would be liable for negligently leaving or causing the can to be left on the stairway, but would not be liable for not removing it if so placed by a third person not acting by his direction. *Watkins* v. *Goodall,* 138 Mass. 533, 536. *Caruso* v. *Lebowich,* 251 Mass. 477. *Palladino* v. *DeStefano,* 258 Mass. 12.

The case should not have been submitted to the jury, and in accordance with the stipulation, *supra,* judgment is to be entered for the defendant.

*So ordered.*