SIMON S. KNOWLES *vs.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY.

Essex.    December 14, 1932. — September 10, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Of proprietor of store. *Evidence*, Presumptions and burden of proof, Relevancy, Admissions.

At the trial of an action against a corporation, which was the proprietor of a store, for personal injuries sustained when the plaintiff, while leaving the defendant's store, caught his foot in a rope on a step in front of the entrance door and fell, there was evidence that the rope was attached to a sled, that the plaintiff, as he entered the store, saw a sled standing on its runners with its runners projecting over the step, but did not see a rope attached to it, that he saw the defendant's order boy in the store when he entered, and that the plaintiff was in the store about ten minutes. It was admitted by the defendant that it employed an order boy who used a sled for delivering goods. There was further evidence, admitted solely for the purpose of contradicting testimony by the defendant's manager, that he had told the plaintiff that the sled which caused the accident was the defendant's sled. Testimony by the order boy was to the effect that a sled which he used was in such a position at the time when the plaintiff was injured that its rope could not have been the rope upon which the plaintiff tripped. There was no other evidence identifying the sled which caused the plaintiff's injury as the order boy's sled, nor any direct evidence that the order boy or any other employee of the defendant put a sled, or the rope attached thereto, in the position described by the plaintiff. A verdict for the defendant was ordered entered. *Held*, that

(1) The presence of a sled at the entrance to the store was not so peculiarly related to the carrying on of the defendant's business that

it could properly have been inferred from the evidence that the unidentified sled, or the rope attached thereto, was placed in the position, described by the plaintiff, by any person for whose conduct the defendant was responsible;

(2) It could not properly have been found that the sled, or the rope attached thereto, was in the position described by the plaintiff for so long a time that the defendant in the exercise of reasonable care should have discovered and removed either or both of them;

(3) It was proper to order a verdict entered for the defendant.

At the trial of the action above described, it was proper to exclude a question, asked of the plaintiff, "After you had some talk with the manager that night about your falling, whether or not you saw the boy do anything with reference to a sled that night?" and his answer, "He carried it in the back end of the store out of the way," both because the sled referred to in the question and answer was not identified as the sled involved in the accident to the plaintiff, and because evidence, that an employee of the defendant took precautions to prevent future accidents, was not evidence of the defendant's responsibility for the accident which had occurred.

TORT. Writ dated December 23, 1929.

In the Superior Court, the action was tried before *Beaudreau,* J. Material evidence is described in the opinion. There was a verdict for the plaintiff, recorded subject to leave reserved, in the sum of $1,717.25. Thereafter the judge ordered a verdict for the defendant to be entered. The plaintiff alleged exceptions.

*J. W. Sullivan, F. J. Hamelin, & J. F. Doyle,* for the plaintiff, submitted a brief.

*J. A. Lane, (A. J. Bronstein* with him,) for the defendant.

FIELD, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff. There was a verdict for the plaintiff, but the judge, under leave reserved, directed the entry of a verdict for the defendant. The case comes before us on the exceptions of the plaintiff to the direction of the entry of the verdict and to the exclusion of evidence.

The entry of the verdict was directed rightly. The plaintiff — the only witness who testified to the way in which the accident occurred — when leaving the defendant's store about four o'clock in the afternoon of December 3, 1929, after making some purchases, caught his foot in a rope on a step in front of the entrance door to the store,

fell on the sidewalk and was injured. He testified that he was in the store about ten minutes, that when he entered the store he did not see the rope, which was attached to a sled, but saw the sled standing on its runners, with its runners projecting over the step, and that he saw the defendant's order boy in the store when he entered. It was admitted by the defendant that on the day of the accident it had in its employ an order boy who used a sled for delivering goods. The order boy testified that he was using a sled on the day of the accident, that about four o'clock his sled was leaning up against the front of the store, four feet or less from the steps, with the runners against the building and the rope "on the inside of the sled up against the building," and that twenty minutes later the sled was in the same position. The manager of the store testified that he had observed children bring sleds to the store and that children came in and out of the store frequently about the time of the accident. Neither he nor the order boy could tell whether there was any other sled at the store on the day the plaintiff was injured. There was no other evidence identifying the sled which caused the plaintiff's injury as the order boy's sled. Evidence that the manager told the plaintiff that the sled which caused the accident was the defendant's sled was admitted only for the purpose of contradicting his testimony to the contrary. It could not have been found that the order boy was negligent in placing his sled in the position in which he testified he placed it. *Mahoney* v. *Great Atlantic & Pacific Tea Co.* 269 Mass. 459. There was no direct evidence that the order boy or any other employee of the defendant put a sled, or the rope attached thereto, in the position described by the plaintiff. And the presence of a sled at the entrance to the store was not so peculiarly related to the carrying on of the defendant's business that it could have been inferred from the evidence that the unidentified sled, or the rope attached thereto — whether or not the order boy's sled — came into the position described by the plaintiff by reason of the conduct of any person for whose conduct the defendant was responsible. The case resembles

*Prushensky* v. *Pucilowski*, 269 Mass. 477, rather than *Lowner* v. *New York, New Haven & Hartford Railroad*, 175 Mass. 166, and *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138. Nor could it have been found that the sled, or the rope attached thereto, was in the position described by the plaintiff for so long a time that the defendant in the exercise of reasonable care should have discovered and removed either or both of them. The facts essential to proof of the defendant's liability could not have been inferred from the testimony of the defendant's manager, called by the plaintiff, in regard to the use of a sled by the order boy, even though the jury may have regarded some of this testimony as improbable and evasive. See *Atlas* v. *Silsbury-Gamble Motors Co.* 278 Mass. 279, 283–284. At most this testimony bore only on the use of a sled by the order boy for delivering goods, which was admitted by the defendant. It could not have been found on the evidence that the defendant failed to use reasonable care to keep the store and the entrance thereto reasonably safe for the use of the plaintiff as a customer.

There was no error in the exclusion of evidence. The plaintiff was asked, on direct examination, "After you had some talk with the manager that night about your falling, whether or not you saw the boy do anything with reference to a sled that night?" and answered, "He carried it in the back end of the store out of the way." Upon the defendant's objection, the question and answer were excluded and the plaintiff excepted. The sled referred to in this testimony was not identified as the sled which caused the accident. And evidence that the defendant's employee took precautions to prevent future accidents was not evidence of the defendant's responsibility for the accident which had occurred. *Albright* v. *Sherer*, 223 Mass. 39, 42. *Morrow* v. *Otis*, 251 Mass. 65, 67–68.

*Exceptions overruled.*