RENA BERRI *vs.* B. PERINI & SONS, INC.

Worcester.    September 27, 1937. — February 28, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Negligence,* In use of way, Of contractor.

Evidence merely that a contractor dug a trench at the side of a street along abutting property and that a defective plank had been placed across the trench in front of the house on that property did not show negligence on his part toward a traveller injured by the breaking of the plank while crossing the trench to go to the house in the absence of proof that the contractor or his agent had placed the plank or that he had a duty to provide access over the trench to the property.

Tort. Writ in the Superior Court dated April 13, 1932. A verdict for the defendant was ordered by *Whiting,* J. The plaintiff alleged exceptions.

*J. J. Ginnetti,* for the plaintiff.

*C. C. Milton,* (*R. C. Milton* with him,) for the defendant.

Field, J. This is an action of tort brought by a minor by her next friend to recover compensation for personal injuries sustained by the plaintiff as a result of the alleged negligence of the defendant. To the allowance of the defendant's motion for a directed verdict the plaintiff excepted.

There was no error.

The evidence tended to show these facts: The plaintiff, then a girl fifteen years old, was on her way to visit her grandmother, who lived with the plaintiff's uncle, in a house on the southerly side of Turnpike Road in Southborough. The uncle's land sloped down to the road. There was no sidewalk. In front of the house the road was "dug up and no cement had been laid in the road." On the southerly side of the road for a distance of two hundred fifty or three hundred yards a trench had been dug which was two and one half or three feet wide and five and one half or six feet deep, at the bottom of which was a black pipe or pipes. The earth excavated had been thrown up on the side of the trench toward the house — or on both sides of the trench. In front of the entrance to the house a board a foot wide and seven eighths of an inch or an inch thick was laid across the trench. The plaintiff, carrying her brother, a child a year old, stepped on the board — had not taken more than two steps — when the board broke "in the middle," and the plaintiff fell into the trench and was injured. There was no "guard or rails or anything" alongside of or across the trench at the place where the plaintiff attempted to cross the trench.

There was evidence that the defendant was in charge of constructing the road and the trench. There was, however, no evidence that the defendant was not duly authorized by governmental authority to dig the trench, that the road was open for travel, or that the existence of the trench was not obvious to any ordinarily intelligent person so

that a sign or barrier was required to inform the plaintiff of its existence. See *Pratt* v. *Peabody*, 281 Mass. 437, 440. There was no evidence from which it could have been inferred that the defendant was under any duty to the plaintiff to provide access to the house over the trench — whatever may have been the duty of any public authority to the plaintiff's uncle in this particular. It could not have been found that it was any part of the work undertaken by the defendant to provide such access. The case of *Murphy* v. *Fred T. Ley & Co. Inc.* 210 Mass. 371, relied on by the plaintiff, is therefore distinguishable. Nor could it have been found that the board was placed across the trench by any person for whose conduct the defendant was responsible. See *Knowles* v. *Great Atlantic & Pacific Tea Co.* 287 Mass. 400, 402. There was not even evidence that the board was the property of the defendant or that it was such a board as was being used by the defendant in connection with its work. Compare *Murphy* v. *Hugh Nawn Contracting Co.* 223 Mass. 404, 407. Even if it could have been found — as we need not decide — that the defendant knew or had reason to know that the board was across the trench and that it was not reasonably safe for use in crossing the trench, no facts are shown which imposed a duty on the defendant to remove the board or to guard against injury to persons using it for this purpose. It does not appear that the board was a source of danger to any person not using it for the purpose of crossing the trench — a purpose with respect to which, so far as appears, the defendant neither had nor assumed any duty. See *Brown* v. *Winthrop,* 270 Mass. 322, 325. See also *Tiffany* v. *F. Vorenberg Co.* 238 Mass. 183, 185; *Prushensky* v. *Pucilowski*, 269 Mass. 477, 479. Compare *Agnew* v. *Franks*, 255 Mass. 539, 541–542.

In view of the conclusion reached we need not decide whether the allowance of the motion for a directed verdict could be supported also on the ground that the plaintiff was guilty of contributory negligence. Nor need further evidence bearing on that issue be recited.

*Exceptions overruled.*