CARL BURWICK & others *vs.* EDMUND D. McCLURE
(and a companion case [1]).

Worcester.    September 24, 1945. — November 1, 1945.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Negligence*, Repairs, Sprinkler system, Contractor. *Evidence*, Matter of conjecture, Relevancy and materiality, Competency. *Practice, Civil*, Ordering verdict.

Evidence left it a matter of conjecture whether a large filter bag, which formed part of a cleaning system on the plaintiff's premises and which had been attached by a rope to a sprinkler pipe that on a Monday morning broke under the weight of the bag and caused damage to the plaintiff, had been so attached by employees of the defendant who had been engaged on the preceding Saturday afternoon in repairing another part of the cleaning system and had not been in exclusive possession of the premises.

A statement that "Everything is O.K.," made to the foreman in charge of a cleaning system by a contractor engaged to repair a part only of the system, could not reasonably have been understood to extend beyond the job which the contractor had undertaken, and was not a sufficient basis for a claim that damage suffered by the proprietor of the system through a defective condition of a different part of the system was due to negligence of the contractor.

Error in the ordering of a verdict for the defendant in an action for negligence was not shown by the presence in the case of evidence tending to show a ground of negligence of the defendant entirely different from the sole ground alleged in the declaration, as to which the evidence left the issue a matter of conjecture.

There is no error in excluding evidence in support of a contention not open on the pleadings.

TWO ACTIONS OF TORT. Writs in the Superior Court dated March 24 and March 31, 1942, respectively.

The actions were tried before *Donnelly*, J.

*C. W. Proctor*, for the plaintiffs.

---

[1] The companion case is by Kotlier & Willar, Inc., against the same defendant.

*S. B. Milton,* (*H. E. Manning & R. C. Milton* with him,) for the defendant.

RONAN, J. These are two actions of tort brought to recover for damage to personal property of the plaintiffs which was sustained on October 27, 1941, as a result of the breaking of a pipe in the sprinkler system in the premises occupied by the plaintiffs in the first case, causing a large quantity of water to escape into the adjoining premises which were occupied by the plaintiff in the second case. This pipe was broken when it became unable to withstand the weight of a filter bag which was tied to it and which comprised a part of a dust collecting system of the plaintiffs in the first case. The declaration in each case consists of a single count in which the only ground of negligence alleged is that the defendant "negligently attached an object to the sprinkler system in said premises with the result that the same broke," damaging the property of the plaintiffs. The cases are here on two exceptions to the exclusion of evidence and an exception to the granting of a motion for a directed verdict in each case.

The plaintiffs in the first case, hereinafter called the plaintiffs, occupied part of the first and third floors and all of the second floor in a certain building in Worcester in which they conducted the business of repairing, cleaning and shipping old burlap bags. The bags were cleaned by placing them in tubes on the second floor where the dust extracted from them by suction was driven to the third floor into a separator which collected the heavier particles of dust and shunted them to the second floor and blew the lighter dust through an air vent into a filter bag. According to the plaintiffs' foreman, there were thirteen dust separators located upon the third floor. A filter bag was attached to each of these separators. The filter bag in question was twenty-eight feet long and four feet in diameter. One end of the bag was connected with the discharge vent of the dust separator by being drawn over an elbow and fastened there by a metal ring encircling the end of the bag. The other end of the bag was constructed to be supported by a rope which ran through a pulley attached to

the ceiling and thence to a beam where it was tied. The bag was emptied of dust by lowering the end supported by the pulley and removing the contents. After the bag was cleaned this end was hauled up by the rope and pulley and the bag was restored to its former position parallel with the floor.

There was evidence that the defendant, a sheet metal contractor, had installed all the sheet metal work of these cleaning systems; that he had nothing to do with the installation of the filter bags; and that for some time before and at the time of the accident, and for a month or more afterwards, his employees were engaged in installing new cleaning systems or units. His employees were working on the third floor in the plaintiffs' factory, where the dust separators of the cleaning systems, including the filter bags, were located, on the Saturday afternoon preceding the Monday morning when the sprinkler pipe was broken. The plaintiffs' factory was not in operation on that afternoon but the plaintiffs' foreman was there when these employees left. There was a conflict in the evidence as to how long the end of the filter bag had been tied to the sprinkler pipe before the pipe was broken. Sometime before the accident it became necessary to repair a baffle plate which was located inside the dust separator a short distance from the discharge vent to which the end of the filter bag was connected. The evidence was contradictory as to whether this plate had been repaired a week or two weeks' before the accident or on the preceding Saturday afternoon. Whenever it was done, it was done by the defendant's employees. To make this repair it was necessary to disconnect the end of the filter bag from the discharge vent, and after repairing the plate to connect the bag with the vent. There was no direct evidence that in performing this work the rope supporting the farther end of the bag was tied to the sprinkler pipe by the defendant's employees. The defendant's foreman testified that "he did not release the other end of the bag." The plaintiffs had over eighty employees, some of whom had duties to perform on the third floor, and the occasion for them to go to the third floor seems to have

been to clean out the filter bags connected with the various cleaning systems. The plaintiffs' foreman testified that from the time the factory started on Monday morning up to the time of the accident none of the plaintiffs' employees had any occasion to go on the third floor, although some of the employees might have gone up there. On the morning of the accident, the factory opened at six o'clock when the foreman arrived. The employees came in between a quarter past six and five minutes before seven o'clock. Work began at seven o'clock. On Monday morning, October 27, 1941, the plaintiffs' foreman started the particular cleaning system to which the filter bag was connected by pushing a button located on the second floor. He did this between two and four hours before the sprinkler pipe was broken. The break in the sprinkler pipe occurred at 9:30 A.M. The filter bag was made of cotton and weighed only fifty pounds. It was cleaned out at least once and sometimes twice a day. While the system was in operation the bag collected ten to fifteen pounds an hour.

There was no direct evidence that the rope at the end of the filter bag was tied to the sprinkler pipe by anyone for whose conduct the defendant was responsible, and there was direct evidence that none of the defendant's employees attached the rope to the pipe. Of course, the jury could disbelieve this evidence, but mere disbelief is not the equivalent of affirmative evidence of facts to the contrary. *Boice-Perrine Co.* v. *Kelley*, 243 Mass. 327, 330. *Fitch* v. *Ingalls*, 271 Mass. 121, 127. *Zarrillo* v. *Stone*, 317 Mass. 510, 512. Disregarding, as we must, the evidence tending to show that the rope was tied to the sprinkler pipe for a considerable time before the accident and that the plaintiffs' employees who cleaned out the bag knew that the end was supported by the sprinkler pipe, and assuming that the rope was so attached sometime subsequent to the Saturday noon preceding the accident, yet the third floor was not in the exclusive possession of the defendant's employees from that time up to the time of the accident. It was not shown that none of the plaintiffs' employees was on the third floor from Saturday noon until the pipe was broken on

Monday morning. The bag was in the control and possession of the plaintiffs. The evidence did not go far enough to show that the rope was tied to the sprinkler pipe by the employees of the defendant rather than by some other person. The place was accessible to the employees of the plaintiffs and some of them had the duty of emptying the bag. *Faulkner* v. *Boston & Maine Railroad,* 187 Mass. 254. *Caranicos* v. *New York, New Haven & Hartford Railroad,* 277 Mass. 364. In repairing the baffle plate, the defendant's employees were twenty-eight feet away from the rope and pulley; and it is not shown that, in the performance of this work, it was necessary that they should go, or that it was reasonably probable that they would go, near the rope or pulley, nor that they would tie the rope to the sprinkler pipe. When and by whom the rope was so tied is in these circumstances a mere matter of speculation. But we cannot enter the realm of surmise and conjecture. The plaintiffs have not sustained the burden of showing that the rope was tied to the sprinkler pipe by one of the defendant's employees. There was no error in directing a verdict in each case for the defendant. *Prushensky* v. *Pucilowski,* 269 Mass. 477, 479. *Walker* v. *Benz Kid Co.* 279 Mass. 533, 537–538. *Knowles* v. *Great Atlantic & Pacific Tea Co.* 287 Mass. 400. *Berri* v. *B. Perini & Sons, Inc.* 299 Mass. 477. *Brownhill* v. *Kivlin,* 317 Mass. 168, 170–171. *Starr* v. *Chafitz,* 317 Mass. 227, 230. *Williams* v. *United Men's Shop, Inc.* 317 Mass. 319, 321.

The plaintiffs make the further contention that they were entitled to have both cases go to the jury because there was evidence that, when the employees of the defendant quit work on the Saturday afternoon before the accident, the defendant's foreman told Franco, the foreman of the plaintiffs in the first case, that "Everything is O.K.," that the plaintiffs' foreman in starting the system had a right to rely upon this assurance of safety by the defendant's foreman, and that the giving of this assurance constituted negligence of the defendant. And in this connection the plaintiffs further contend that the judge erred in excluding evidence that in starting the cleaning system on Monday

morning Franco relied upon this statement, and also in excluding an answer to a question to the defendant's foreman whether he reported to Franco "that there was a bag over the sprinkler pipe." The defendant's foreman had previously testified that he had for some time seen the rope attached to the filter bag drawn over the sprinkler pipe and pulled down to a nail on a beam to keep the bag from falling, and that, after the plaintiffs' employees had emptied the bag, they would pull the end of the bag up using the sprinkler pipe as a pulley and tie the rope to a beam.

An assurance of safety given by a defendant to a plaintiff to whom a defendant owes a duty to keep his premises or a chattel in reasonably safe condition for the plaintiff's use is undoubtedly a material factor in an action of tort brought to recover damages when the assurance of safety turns out to be false. See *Garland* v. *Townsend*, 217 Mass. 297; *Wilson* v. *Daniels*, 250 Mass. 359; *Rudomen* v. *Green*, 299 Mass. 485; *Ferguson* v. *Ashkenazy*, 307 Mass. 197. Here it is not shown that the defendant had assumed any duty to put the entire cleaning system in a safe condition, or that he had assumed any duty in regard to the filter bag or the manner in which the end of it was supported by the rope, or that his foreman had any authority to state that the entire cleaning system was in safe condition. The statement of the foreman, in effect, that the system was in proper condition could not be reasonably understood to extend beyond the repair job that he had done upon the baffle plate. Neither was the foreman under any duty to the plaintiffs to report that the end of the filter bag was supported by the sprinkler pipe if the defendant was not responsible for bringing about that condition. But the short answer to all these contentions is that none of them was open on the pleadings, which confined the defendant's negligence to tying the rope to the sprinkler pipe. No other issue was raised. A judge is not in error at a trial on the merits in excluding evidence in support of a contention that is not open on the pleadings. *Coughlin* v. *Coughlin*, 312 Mass. 452, 454, and cases cited. *Zarski* v. *Creamer*, 317 Mass. 744, 747.

*Exceptions overruled.*