MARY E. McDONALD *vs.* ZELDA YOGEL, trustee.[1]

Middlesex. November 6, 7, 1952. — November 28, 1952.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Landlord and Tenant,* Common stairway, Lights, Landlord's liability to tenant or one having his rights.

In an action of tort against the landlord of an apartment house by an invitee of a tenant therein for personal injuries sustained from falling when the plaintiff's foot "caught" in a broken part of a stone step of a common outside stairway under the landlord's control on a night when a light in the landlord's control which illuminated the stairway

---

[1] Herman Yogel, trustee of the M. & R. Realty Trust, the original defendant, died after the commencement of this action and was succeeded by Zelda Yogel. On motion she was substituted as defendant.

was out and it was so dark that the plaintiff could not see the step, evidence that at the time of the letting to the tenant the stairway was in good condition and the light was provided as an implied term thereof, that for several years before the accident the stairway had been gradually deteriorating, and that for about three months before the accident the light had not been operating and the landlord's attention had been frequently directed to that fact, warranted a finding of a breach of the landlord's duty to the plaintiff which constituted negligence.

TORT for personal injuries sustained on November 16, 1947. Writ in the Superior Court dated December 19, 1947.

The action was tried before *Warner*, J. There was a verdict for the plaintiff and the defendant alleged exceptions.

*Samuel B. Mannos*, for the defendant.

*John J. Mackin*, for the plaintiff.

COUNIHAN, J. This is an action of tort for personal injuries on account of negligence of the defendant. In answer to a motion for specifications the plaintiff alleged that the "defendant, in violation of his duty to plaintiff, maintained the common area in his control, to wit: the lower outside front step, in a broken, dangerous and defective condition and/or failed to maintain proper lighting in said area in accordance with his contractual and/or legal duty." It is conceded that the defendant or her predecessor as trustee was in control of the common stairways and passageways at the time of the accident.

The action is here upon an exception to the denial of a motion for a directed verdict for the defendant. There was no error in the denial of that motion.

The evidence most favorable to the plaintiff may be summarized as follows: William A. White, a brother of the plaintiff, became a tenant of the defendant or her predecessor, on the first floor of an apartment house at 379 Walden Street, Cambridge, in October, 1943. As such he had a right in common with other tenants to use and did use the front steps leading into said apartment house. These steps were made of "some kind of stone." When his tenancy began these steps were in good condition. About a year and a half after he moved in he noticed a chipping of these

steps, particularly at the lip of the bottom step. This break in the lip of the bottom step got larger as time went on until at the time of the accident it was about a foot long and about one and one half inches in depth. When the tenancy began there was an overhead light in the inside front hall, which threw light through an overhead window in the front door onto the front steps. This light was operated by a device in the cellar, controlled by the landlord. For a period of about three months before the accident this light had failed to operate and, although White had frequently directed the attention of the landlord to it, it was not fixed and it was out at the time of the accident.

The plaintiff, who had been visiting her brother, left his apartment about 7 P.M. As she got outside and was walking down the front steps her foot "caught" in the broken part of the bottom step, as a result of which she fell and was injured. Because of the absence of light on these steps it was dark and she could not see the bottom step.

Photographs of these steps were in evidence and we have examined them. They undoubtedly tend to show a defect in the condition of the bottom step. We have recently affirmed the proposition that "The plaintiff must recover, if at all, on the familiar principle that, in the absence, as here, of express agreement, a landlord owes a duty — breach of which would constitute negligence — to a tenant, and to persons using the premises in his right, to exercise reasonable care to keep the part of the premises remaining in the control of the landlord in the condition with respect to safety in which they were, or to a person of ordinary observation would appear to be, at the time of the letting." *Silver* v. *Cushner,* 300 Mass. 583, 584–585. *Donnelly* v. *Larkin,* 327 Mass. 287, 290. This rule is applicable where, as here, there is an implied contract as to lighting. *Gallagher* v. *Murphy,* 221 Mass. 363, 365. *Donnelly* v. *Larkin,* 327 Mass. 287, 290. There was ample evidence here from which the jury could find that the front steps of this apartment house were in good condition when the tenancy of White began, and that several years before the accident they began to get out of

repair and became gradually worse until the condition developed which existed at the time of the accident. There was also evidence of a marked change in the lighting in the front hall from that which was provided at the time of the letting.

The jury could have found that in the exercise of reasonable care the landlord should have observed the condition of the steps and the gradual deterioration of them over a period of several years; and that his attention was specifically directed to the absence of the light and he did nothing to cure it. In these circumstances the jury could find that he failed in his legal duty to the tenant and those who in the right of the tenant had occasion to use the premises.

In view of these conclusions we need not consider any other contention of the plaintiff.

*Exceptions overruled.*