CECELIA A. COAN *vs.* ROGER E. ADAMS & another.

Hampden.    May 6, 1955. — June 7, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Landlord and Tenant,* Lights, Common stairway, Contract of letting, Landlord's liability to tenant or one having his rights. *Negligence,* Contributory.

In an action against the landlord of an apartment house by an invitee of a tenant of an apartment therein for personal injuries sustained when the plaintiff, while leaving the building at night by a common rear exit under the control of the defendant, descended a wooden stairway to a small cement platform which was in pitch darkness because an automatic light there controlled by the defendant's janitor was not

working, and then fell down an open cellar stairway leading from the platform, evidence warranted the jury in finding that the defendant had impliedly undertaken as a part of the letting to the tenant to keep the place of the accident lighted and had negligently failed to do so on the night of the accident. [656–657]

Evidence, that a woman visiting a tenant of a first floor apartment in an apartment house left the building by its rear exit, with which she was not familiar, walked along a porch and down some steps to a small platform, exclaimed to the tenant's wife near by about the pitch darkness there, and, receiving no reply, stepped forward toward what she assumed was the yard and fell down an open cellar stairway leading from the platform and was injured, did not require a ruling that negligence on her part contributed to her injuries. [657–658]

TORT. Writ in the Superior Court dated September 17, 1951.

The action was tried before *Broadhurst*, J.

*James P. Moriarty*, for the defendants.

*Henry A. Moran, Jr.*, for the plaintiff.

RONAN, J. The defendants, the owners of an apartment building, excepted to the refusal of the judge to grant their motion to direct a verdict in their favor in this action of tort brought by the plaintiff to recover damages alleged to have been sustained by her as she was leaving the premises after visiting a tenant who occupied one of the apartments.

There was evidence that the plaintiff's nephew, one Ferraro, and his wife had occupied a first floor apartment in this four story building for nearly a year before the accident which occurred at about nine thirty o'clock daylight saving time on June 8, 1951. The plaintiff had entered the apartment by the front entrance and had gone there for the purpose of making arrangements for transportation for herself to the wedding of another nephew which was to be held on the following day. She left through the rear or kitchen door which directly led to a porch which was used in common by twenty-one other tenants. After walking five or ten steps along the porch she came to a wooden stairway consisting of four steps which led to a cement platform twenty-seven inches square. Leading from this platform were the cellar stairs which were more or less a continuation of the stairs leading from the porch to the platform. Her

short journey along the porch was lighted pretty well by
the light from the kitchen. As she descended the stairway
leading to the platform the real darkness started and it
was pitch dark when she reached the platform, and she
exclaimed to Mrs. Ferraro that it was so dark there that
one could break a leg. The plaintiff took one step toward
what she assumed to be the yard and fell into the cellar.

There was a light attached to one of the posts which
apparently was one of the supports to the upper piazzas
but this light was out at the time of the accident and, al-
though designed to be operated automatically, it had not
been working for a week before the accident.

This rear entrance served as an entrance to and exit
from apartments other than the one occupied by Ferraro.
There is no question that it remained in the possession and
control of the defendants. The plaintiff makes no com-
plaint of physical defect or dangers arising out of the struc-
tural arrangements of the locus of her accident. The only
breach of duty of which she complains was the negligent
failure of the defendants to illuminate the place of the
accident by the fixture that they maintained there. In the
absence of an express or implied agreement to furnish light
in a common passageway or a statute or ordinance impos-
ing that duty upon a landlord, there is no obligation upon
a landlord to do so. *Polansky* v. *Heller*, 241 Mass. 484.
*Carey* v. *Klein*, 259 Mass. 90.

The jury adopting the view of the evidence most favor-
able to the plaintiff could find that the defendants impliedly
assumed an obligation to light the premises. In the first
place it could be inferred that it was a matter of good busi-
ness to attract tenants and keep their apartments occupied
by lighting the stairway leading to the porch for those who
had occasion to use the yard as an incident to the occu-
pancy of their apartments. In the next place, it could be
found that the operation of the light was under the con-
trol of the defendants' janitor. There was no evidence
that it could be controlled by a pull chain or push button
within the reach of any tenant or that the current for its

operation was attached to the meter of any tenant, but on the contrary the evidence was that it was operated automatically and the time of its operation could be set or regulated by the janitor.  When it failed to operate for a week before the accident, it prompted a complaint upon the part of a tenant.  Finally the light was in operation when the apartment was let to the plaintiff's nephew and up to a week before the accident.  On the whole evidence, a jury could find that the defendants had impliedly undertaken as a part of the letting to keep the locus lighted and they had negligently failed to perform this obligation. *Gallagher* v. *Murphy*, 221 Mass. 363, 365.  *Donnelly* v. *Larkin*, 327 Mass. 287, 290.  *Miller* v. *Berk*, 328 Mass. 393, 396.  *McDonald* v. *Yogel*, 329 Mass. 492, 494.

There is nothing in the contention of the defendants that they owed no higher duty to the plaintiff at the time of the accident than they did to a licensee.  She was upon the premises as an invitee of the tenant.  This is an action not by a social guest against her host, the tenant, but against the landlord.  Compare *Comeau* v. *Comeau*, 285 Mass. 578; *O'Brien* v. *Shea*, 326 Mass. 681.

The answer alleged and the defendants contend that the plaintiff as matter of law was guilty of contributory negligence.  To be sure she was not familiar with the site. Whether she should have attempted to retrace her steps or stood still until assistance came were for the jury.  She had called out to Mrs. Ferraro, whom she had just left, that it was dark where she was on this small platform. The jury could find that Mrs. Ferraro was within easy hearing distance but the record does not show that she made any reply to the plaintiff.  They could find that the plaintiff could reasonably expect a warning from her if the plaintiff was in any danger.  The jury could also find that the plaintiff acting reasonably might not expect that an open cellar stairway would adjoin the edge of the small platform upon which she was.  In such circumstances; we are of opinion that it could not be ruled that she was con-

tributorily negligent. *Marwedel* v. *Cook*, 154 Mass. 235. *Barttro* v. *Watertown Square Theatre, Inc.* 309 Mass. 223. *Sodekson* v. *Lynch*, 314 Mass. 161. *Tetrault* v. *Ghibellini*, 316 Mass. 477. *Donnelly* v. *Larkin*, 327 Mass. 287. *O'Brien* v. *Peterson*, 329 Mass. 427.

*Exceptions overruled.*