### Northern District

### No. 5736

**ELSE H. SANBORN ET AL**

v.

**F. W. WOOLWORTH COMPANY**

April 15, 1963

*Present:* Brooks, P. J., Eno & Parker, JJ.

Case tried to *Taylor, J.* in the Municipal Court of the Roxbury District. No. 26981.

*Brooks, P. J.* This is an action of tort in

which plaintiff, Else R. Sanborn, claims personal injury arising out of an accident on defendant's premises. Plaintiff's husband alleges consequential damages.

The declaration alleges that plaintiff was an invitee of defendant and was caused to fall on the premises due to the hazardous, defective and dangerous condition of the premises. Answering defendant's request for specifications plaintiff alleged that the hazardous, defective and dangerous condition consisted of foreign objects which had been allowed to remain in the aisle for an unreasonable length of time.

Defendant answered by way of general denial, contributory negligence and assumption of risk.

*There was evidence that* plaintiff, Else H. Sanborn, entered defendant's store to purchase glue. She proceeded down the aisle to the glue counter. Before starting down the aisle she saw nothing on the floor. It was clear as she walked over it.

Plaintiff stood at the glue counter for about fifteen seconds then picked up the glue, stepped away from the counter and tripped over a basket which had not been there when she walked down the aisle. The basket was wooden and full of merchandise consisting of gray boxes all the same type. Plaintiff went to the manager of the store. After conversation with him she came back to the glue counter, the basket was no longer there.

Defendant duly filed the following requests for rulings:

#1. The evidence does not warrant a finding that the defendant, its agents or servants, was negligent.

#2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

#3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damages.

#4. As a matter of law the defendant breached no legal duty owed by it to the plaintiff.

#5. As a matter of law there is a variance between the pleadings and the proof.

The court denied all the defendant's requests for rulings and found for the plaintiff on both counts. Defendant claimed to be aggrieved by denial of its requests for rulings.

There was no error in the court's denial of Request #2 alleging contributory negligence. This was a straight finding of fact supported by the evidence.

The fifth request alleging a variance between the allegation and proof was not strenuously pressed by the defendant, although there was a basis for its allowance. Plaintiffs had alleged a hazardous condition of the premises consisting of foreign objects permitted to remain there for an unreasonable time. It can hardly be contended that fifteen seconds was an unreasonable time.

The truth is that the declaration, as ampli-

fied by specifications, did not fit the facts of this case and the court would have been well within its rights to have granted the fifth request on the ground of variance. The actual issue, however, is not one of unreasonable time, but whether there was sufficient evidence fairly to find that an employee of defendant left the basket where plaintiff tripped over it. Since this presents an arguable point of law which we resolve in favor of the defendant, we do not rest our decision on failure to grant the fifth request.

It is plaintiff's argument that during the fifteen seconds she was standing at the glue counter, an employee of defendant, whom she at no time saw, deposited the basket behind or beside her and disappeared. It does not appear either that the basket of which there is no description except that it was made of wood or that its contents, whose nature and bulk are not disclosed, were connected with defendant's store. There is no evidence as to how many customers were in the aisle or where they were in the aisle. (The report merely stated that plaintiff saw nothing on the floor.)

It is quite possible that another customer with a basket of his own, or one belonging to defendant, placed it behind or beside plaintiff where she tripped over it. There is in short nothing other than conjecture to connect the accident with an employee of defendant. Under the decisions of our Supreme Court

all this does not offer adequate basis for finding defendant negligent.

In *Prushensky v. Pucilowski,* 269 Mass. 477 plaintiff was a tenant on the second floor of premises owned by defendant and her intestate. Defendant occupied the first floor and had been seen shortly before plaintiff's accident carrying a gallon paint can over which plaintiff subsequently stumbled.

The court said at p. 479:

> "On this evidence, with all reasonable inferences to be drawn therefrom, the plaintiff failed to establish that the defendant directly or indirectly was responsible for the presence of the can on the wide step of the stairs upon which the plaintiff slipped and fell. To find otherwise would require an inference of fact not based on probability but upon surmise conjecture or imagination."

In *Marcus v. Griggs, Inc.,* 334 Mass. 139 a not dissimilar case, the court said at p. 143:

> "In determining whether the plaintiff had sustained the burden of proof the judge properly would appraise the force of all the relative evidence and when this is done, it is apparent, we think, that any inference that it was Germaine rather than another who caused the pail to be in its position at 3:30 P.M. relative to other objects and the open area is based on possibility rather than probability. This is not enough to take the case to the jury."

See also *Cochrane v. The Great Atlantic & Pacific Tea Co.,* 281 Mass. 386; *Knowles v. The Great Atlantic & Pacific Tea Co.,* 287

Mass. 400; *Burwick v. McClure*, 318 Mass. 626, 629-630.

We think that there was error in the court's denial of defendant's Request for Ruling #1, 3 and 4.

Finding for plaintiff is to be vacated and judgment is to be entered for defendant.

Vincent Galvin, of Boston, for the Plaintiff.

William C. Gardiner, of Boston, for the Defendant.