DELINA PAUL *vs.* THEODORE DESROSIERS. January 6, 1964. Exceptions overruled. There was no error in entering a verdict for the defendant under leave reserved. The jury could have found that the plaintiff's fall resulted from the absence of a string to operate the light fixture over the second floor landing in a house owned by the defendant in which the plaintiff occupied the third floor apartment. There was no evidence of an express undertaking to light the common stairway. The jury could also have found that a string had been in place when the plaintiff's tenancy began, that from time to time the string was pulled off and thereafter replaced either by the plaintiff, the defendant's son, who was the tenant of the second floor apartment, or by unidentified persons. There was evidence that the light was connected with the meter of the second floor tenant and there was no contrary evidence. This, together with the evidence that the defendant on one occasion said he would put the string on and thereafter "a string was put on," was insufficient to show that the defendant had a duty to maintain a string on the light fixture. Compare *Coan* v. *Adams,* 332 Mass. 654, 656–657, and cases cited (light under control of the defendant).

*John J. O'Connell* for the plaintiff.

*Joseph F. Sawyer, Jr.,* for the defendant.