GEORGE C. STOKES *vs.* OLD COLONY TRUST COMPANY, executor. November 29, 1968. Stokes, tenant of a basement apartment, seeks to recover from his landlord's estate for injuries allegedly caused by "the defective condition" of a common stairway. About 10:30 P.M. on May 30, 1964, Stokes left the building by the back door. Two basement hall ceiling lights, "on always," were not burning. The lower two thirds of the rear stairs get light from one of these. Stokes operated the switch. Nothing happened. About 12:15 A.M. Stokes returned by the front door, and proceeded to the rear stairs Lights were on in the front of the house. He hit his head on a projection, not changed after Stokes' tenancy began, near the top of the stairs. There "the light . . . came from the second floor landing." He thought he "lost . . . [his] footing and fell." His injuries impaired his memory. The trial judge excluded testimony concerning whether the basement lights were burning on May 24 or 25 and, in the mid-forenoon, two or three days after the accident. There was no offer of proof of any attempt to turn the lights on by using the switch on either occasion. Upon a motion, in part based upon a variance (between

the alleged "defective condition" of the stairs and the attempted proof of lack of light; see *Richards* v. *New York, N.H. & H. R.R.* 328 Mass. 204, 206; cf. *Berwin* v. *Levenson,* 311 Mass. 239, 246–247), the trial judge directed a verdict for the defendant. The evidence did not show more than conjectural causal connection between any lack of light and the injury (see *Wardwell* v. *George H. Taylor Co.* 333 Mass. 302, 305; *Fallstrom* v. *Brady Elec. Co. Inc.* 347 Mass. 600, 607) or that the landlord was charged with notice, by complaint or lapse of time, that any lights were not burning. See *Falden* v. *Gordon,* 333 Mass. 135, 138. Cf. *Sullivan* v. *Hamacher,* 339 Mass. 190, 193. Cf. also *Coan* v. *Adams,* 332 Mass. 654, 656–657. The judge reasonably excluded testimony about the lights several days before and after the accident. See *Burwick* v. *McClure,* 318 Mass. 626, 631.

*Exceptions overruled.*

Robert R. Clark for the plaintiff.
Edmund Z. Dymsza (*Frank P. Hurley* with him) for the defendant.