Lloyd GILLESPIE, Plaintiffs,

v.

Frank H. McCOURT, Jr., and
The McCourt Company,
Inc., Defendants,

v.

BANK OF BOSTON and Fleet
National Bank, Trustees.

No. 94 Civ. 11648(MEL).

United States District Court,
D. Massachusetts.

March 14, 1995.

L. Seth Stadfeld, Brown & Stadfeld, Boston, MA, for plaintiff.

Stephen F. Gordon, Gordon & Wise, Boston, MA, for defendants.

Robert L. Klivans, The First Nat. Bank of Boston Law, Boston, MA, for trustee.

LASKER, District Judge.

On February 22, 1993, a Maryland Circuit Court entered a default judgment against Frank McCourt, a Massachusetts resident, and his eponymous Massachusetts corporation. The Maryland judgment was entered in favor of Nacoma Consolidated, a Texas corporation which, in 1991, had assigned the "account receivable" that formed the basis of the Maryland action to another Texan, Lloyd Gillespie. Gillespie seeks to enforce the Maryland judgment in this Court. McCourt moves to dismiss Gillespie's complaint, contending that—because, at the time the Maryland judgment was entered, Nacoma had already assigned all of its interest in the debt to Gillespie—Nacoma had no standing to litigate the claim. Accordingly, McCourt argues, the Maryland court lacked subject matter jurisdiction over Nacoma's claims without which the Maryland judgment is void and unenforceable. Gillespie disputes these propositions and moves to amend his complaint to include a breach of contract claim.

## I.

### MCCOURT'S MOTION TO DISMISS

■ Section 1738 of Title 28 of the United States Code provides that state court judgments "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." A state court judgment is not due full faith and credit, however, if the rendering court did not have jurisdiction over the subject matter of—or parties to—the action before it. As the Supreme Court noted in *Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Insurance Guaranty Assn.*, a refusal to enforce a state court judgment that is void for lack of jurisdiction simply gives it the same effect that it would receive in a court of the rendering state. 455 U.S. 691, 704–705 n. 10, 102 S.Ct. 1357, 1365–1366 n. 10, 71 L.Ed.2d 558 (1981).

McCourt does not contend that the Maryland Circuit Court lacked the personal jurisdiction necessary to enter a valid judgment against him. Rather, he asserts that—at the time judgment was entered—Nacoma, the state court plaintiff, lacked standing to sue McCourt, and that, therefore, the Maryland court did not have subject matter jurisdiction over the action. Gillespie counters that the standing issue presented by McCourt is not a jurisdictional question but rather goes to the merits of the Maryland action, and that, therefore, the validity of the judgment does not depend upon its resolution. Moreover, Gillespie disputes McCourt's contention that because Nacoma assigned its interest in the account receivable, Nacoma lacked standing to litigate the Maryland action.

■ The first question to be resolved is whether, if found, a defect in Nacoma's standing would render the Maryland judgment void for lack of subject matter jurisdiction under Maryland law. In *Davis v. Davis,* 335 Md. 699, 646 A.2d 365 (1994) the Court of Appeals of Maryland observed:

What is meant by the lack of jurisdiction in its fundamental sense such as to make an otherwise valid decree void is often misunderstood.... [J]urisdiction refers to two

quite distinct concepts: (i) the *power* of a court to render a valid decree, and (ii) the *propriety* of granting the relief sought. *Id.* at 375 (emphasis in original) (citing *First Federated Commodity Trust Corp. v. Commissioner of Securities,* 272 Md. 329, 322 A.2d 539, 543 (1974)). The *Davis* and *First Federated* Courts noted that under Maryland law, a decree is void only if the court that rendered it lacked the power to do so: "If by that law which defines the authority of the court, a judicial body is given the *power* to render judgment over that class of cases within which a particular one falls, then its action cannot be assailed for want of subject matter jurisdiction." *First Federated,* 322 A.2d at 543.

■ The Circuit Courts of Maryland are courts of original general jurisdiction with the power to hear all cases other than those which are reserved for the exclusive jurisdiction of some other forum. *Id.* (citing Maryland Const., Art. IV, §§ 1, 19, 20). That the Maryland Circuit Court had the power to adjudicate contract claims, such as Nacoma's claims against McCourt, is beyond dispute; nor does McCourt contend otherwise.

■ McCourt's standing argument challenges the second aspect of jurisdiction described by the *First Federated* Court—the *propriety* of the Maryland judgment. The question of whether the court appropriately granted relief under the circumstances, however, "merges into the final decree," *First Federated,* 322 A.2d at 543, and, under Maryland law, McCourt may not now attack its judgment on this ground. *See Davis,* 646 A.2d at 376. As the First Circuit noted in *Wayside Transportation Co. v. Marcell's Motor Express,* "[t]he constitutional and statutory provisions requiring full faith and credit articulate and implement the dictate of public policy that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties." 284 F.2d 868, 871 (1960) (citation omitted).

■ Because McCourt alleges no facts which, if true, would render the Maryland judgment void under Maryland law—that is,

he contends neither that the court lacked jurisdiction over his person nor that it had no authority to hear the class of cases to which the Maryland lawsuit belongs—the judgment is entitled to full faith and credit under § 1738.

[Although it is not necessary to reach the merits of McCourt's contention that Nacoma lacked standing to litigate the Maryland lawsuit, it is worth exploring briefly his proposition that Nacoma's assignment of the account receivable from McCourt deprived it of standing to litigate that claim.

■ Gillespie contends, and McCourt has not disputed, that Massachusetts law should be applied to resolve this standing issue. Gillespie correctly notes that under Massachusetts law, as long as the debtor is in no danger of double liability, it is irrelevant whether proceedings are brought by the original obligee or in the name of an assignee. *Barry v. Duffin,* 290 Mass. 398, 400; 195 N.E.2d 511, 512 (1935).

■ It is not clear, however, that Massachusetts law is controlling under the circumstances. 28 U.S.C. § 1738, which provides that a state court judgment is due the same full faith and credit in every court within the United States as it has in the state that rendered it, suggests that Maryland law—cited by neither Gillespie nor McCourt—is applicable. Unlike Massachusetts, Maryland adheres to the rule that, if an assignment is full and complete, the assignor's ... rights against the obligor are extinguished. *Jiffy Lube Int.'l v. Morgan,* 1992 WL 12995, at *1, 1992 U.S.Dist. LEXIS 651 at *2 (D.Md.1992) (relying on *Aaron Ferer & Sons, Ltd. v. ·Chase Manhattan Bank,* 731 F.2d 112, 125 (2d Cir.1984)). In *Aaron Ferer,* however, the Second Circuit held that under New York law, an assignor retains standing to sue a debtor where the assignment is made to secure an antecedent debt owed to the assignee. Under those circumstances, the *Aaron Ferer* Court found, an assignor may sue in order to "enforce its rights and ensure that the assignee prosecutes the case vigorously." 731 F.2d at 125. Whether Maryland law accommodates an assignor in the same situation is unclear—neither is it clear whether

Nacoma's assignment to Gillespie was made to secure an antecedent debt owed to him.

 It is arguable that, had McCourt addressed his standing argument to the Maryland court, his view would have prevailed. Under § 1738, however, this point of Maryland law and its application to the facts of this case were questions to be raised in the Maryland courts or not at all.

Accordingly, McCourt's motion to dismiss the complaint is denied.

## II.

### GILLESPIE'S MOTION TO AMEND

Gillespie moves to amend his complaint to include a breach of contract claim. His proposed amendment states that "the Defendants have violated their agreement and owe him at least $496,293.72 plus interest ... for services provided and goods sold and delivered by Plaintiff's assignor (Nacoma) in connection with their real estate project known as The Fish Market in Baltimore, Maryland." Amended Complaint at Para. 16. Gillespie fails, however, to allege facts demonstrating any specific agreement between McCourt and Nacoma.

 Under Massachusetts law, a breach of contract action requires a showing of an agreement supported by valid consideration, the plaintiff's readiness, willingness, and ability to perform, the defendant's breach, and damage to the plaintiff. *Compagnie de Reassurance v. New England Reinsurance*, 825 F.Supp. 370 (D.Mass.1993). Without more than a vague reference to "services provided and goods sold", Gillespie's proposed amendment fails to allege the elements of a contract claim. Because Gillespie's proposed amendment would be futile, his motion is denied without prejudice. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).