Coven, J.
The issue presented by this Dist./Mun. Cts. R. A. D. A., Rule 8C appeal by Plymouth Rock Assurance Corporation (“Plymouth”) is whether a settlement agreement should have been enforced upon the plaintiff’s motion when she had assigned her rights to a third party to the claim for which she brought this action.
Plaintiff Natoya Platt (“Platt”) was involved in a motor vehicle accident on May 23, 2001, and obtained chiropractic treatment for the injuries she sustained at Maplewood Chiropractic Clinic (“MCC”). On November 11,2001, Platt authorized Plymouth to make direct payments of her Personal Injury Protection (“PIP”) insurance benefits to MCC. Platt’s authorization states that it is “A DIRECT ASSIGNMENT OF [HER] RIGHTS AND BENEFITS UNDER [HER] POLICY.” On February 4,2003, Platt commenced this contract action alleging that Plymouth violated G.L.c. 90, §34M, G.L.c. 93A and G.L.c. 176D when it refused to pay medical bills in the amount of $4,000.00 for treatment Platt received at MCC from Joseph W. Surette, D.C.
Trial was scheduled for March 17, 2005. On March 14, 2005, counsel for both parties agreed to settle the case for $1,000.00 contingent upon the execution of a release. On March 16, 2005, the case was reported as settled to the court and was removed from the trial schedule. The court ordered that a stipulation of dismissal be filed with the court within thirty days.
On March 22, 2005, counsel for Plymouth informed Platt’s lawyer that Plymouth would not honor the settlement agreement because Platt has assigned her rights under her motor vehicle insurance policy to MCC. Plymouth asserted that because there had been an assignment of her rights to payment of the medical expenses under the terms of her policy, Platt had no claim that could be settled and released and no right to commence this action to recover on the alleged claim.
Platt filed a motion to enforce the settlement on March 31,2005. In a supporting affidavit outlining the events which culminated in the settlement, Plalfis lawyer averred that it was mutually agreed that Dr. Surette would not be named in the release that was to have been executed, nor would his signature have been required.
After hearing, the motion judge made written findings that Plymouth had authorized the settlement, there was no reason given as to why Plymouth was not aware *2 of the assignment prior to entering into the settlement, and there had been no showing that Platt’s lawyer had known of the assignment. The motion judge further found that neither party’s attorney was cognizant of Platt’s assignment of her PIP claim at the time of the settlement agreement, and that there was no evidence that MCC or Dr. Surette objected to Platt bringing the claim. The motion to enforce the settlement was allowed.[1]
As to Platt’s assignment, prior cases have not prohibited an assignor from proceeding against a debtor as long as the debtor is not in danger of double liability. It makes no difference to a debtor whom he pays as long as he does not pay twice. Barry v. Duffin, 290 Mass. 398, 402 (1935); Gillespie v. McCourt, 889 F. Supp. 5, 7 (D. Mass. 1995). Where there had been a total assignment, as in this case, the modern rules of practice indicate that it is the assignee who is the real party in interest and the party in whose name an action is to be prosecuted. Mass. R. Civ. P, Rule 17 (a). Even though MCC is the real party in interest in this case, Rule 17 does not require immediate dismissal. Where an objection is made, Rule 17 postpones dismissal until such time as the real party in interest has an opportunity to ratify the commencement of the action, joins in the action or is substituted as the proper party. However, the rule is clear that the assignor is not the real party in interest; and, as stated in the Reporter’s Notes, the rule “makes compulsory a suit in the name of the real party in interest.” The assignor who has made a total assignment has no claim and is not permitted to assert the assigned claim on her own behalf.
The motion judge was presented with unrefuted evidence that there had been an assignment. The findings made by the judge that neither party was aware of the assignment at the time of entry into the settlement agreement have not been challenged. While admissions of knowledge by Platt’s lawyer and inferences that could be drawn as to knowledge on the part of Plymouth’s counsel are present, the absence of knowledge, as found by the judge at the time of the hearing, is not disputed.[2]
Generally, a settlement agreement will be enforced absent a “showing of fraud, mistake, or concealment in the nature of fraud, such as to render it plainly inequitable and against conscience that the contract should be enforced.” Peters v. Wallach, 366 Mass. 622, 628 (1975). Platt had no legal interest in the claim following the assignment. This lack of a legal claim was evident at the hearing on Platt’s motion to enforce the settlement agreement. As noted, the judge’s findings render it clear that there was no evidence that counsel for either party was aware of the assignment. As presented to the motion judge, therefore, the matter was one of mutual mistake. Based on the evidence before the motion judge, it could not have been found that Plymouth had merely had a “change of heart” and was thus not entitled to relief from the settlement agreement. Massey v. Stop & Shop Cos., 1998 Mass. App. Div. 117, 119. Based on what was presented as a case of mutual mistake and given the unrefuted evidence that Platt had no legal claim against Ply *3 mouth following the assignment, it was an abuse of discretion to enforce an agreement for the settlement of a claim in which Platt had no legal interest.[3]
The judgment for the plaintiff is vacated, and the allowance of Platt’s motion to enforce the settlement agreement is reversed. This action is returned to the Lynn Division for the entry of judgment for the defendant, which shall include the costs of this appeal as calculated by the trial court clerk in accordance with Dist./Mun. Cts. R. A. D. A., Rule 26.
So ordered.

 Platt’s lawyer acknowledged in oral argument to this Division that he had been aware of the assignment of the claim prior to filing this action. In her brief, Platt calls attention to document responses made by Plymouth, and Plymouth apparently produced the assignment agreement. Thus, there is evidence that Plymouth also knew of the assignment prior to authorizing the settlement. Plymouth claims in its brief that it discovered the assignment only after agreeing to a settlement. From the findings made by the motion judge and the record before him at the hearing, it is clear that neither party called to the court’s attention any knowledge of the assignment prior to entering into the settlement. We confine our review to what was presented to the motion judge.

 See note 1.

 We recognize that a plaintiffs prior assignment of a claim upon which an action is based might be considered an affirmative defense or a basis for a Mass. R. Civ. R, Rule 12(b)(6) motion to dismiss for failing to state an actionable claim. Because the motion judge had no evidence to suggest either party’s knowledge of the assignment, we need not consider whether evidence supporting a theory of waiver would change the result we reach.