FRANK ALBRIGHT *vs.* CHARLES T. SHERER.

Worcester.    October 5, 1915. — November 22, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Evidence,* Competency, View.    *Negligence.    Practice, Civil,* View.

It is a settled rule that, in an action to enforce liability for a defendant's negligence in failing to keep appliances in proper repair and condition, evidence of subsequent acts in taking additional precautions to prevent other accidents is not admissible for the purpose of showing that such precautions were needed at the time of the accident.

In an action by a farm hand against his employer for personal injuries caused by the tipping over of a wagon of the defendant loaded with wood when the plaintiff had mounted the load and was attempting to start the horses, the plaintiff contended at the trial that the wagon was unsafe by reason of a defective king-pin, and the jury, in answer to special questions submitted to them by the judge, found that the condition of the king-pin was defective but that this condition was not a cause of the accident. The plaintiff asked the judge to submit the case for a general verdict, which the judge refused to do. The plaintiff excepted to this refusal, but did not object to the special questions submitted to the jury nor ask for the submission to them of any additional special questions. The judge ordered a verdict for the defendant, and the plaintiff alleged exceptions, contending that there was evidence for the jury of defects in the wagon that were not included in the questions framed which related to the condition of the king-pin. On an examination of the evidence reported in the bill of exceptions, it was *held,* that there was no evidence of a defect in the wagon other than one in the king-pin.

In the case stated above the jury took a view of the wagon, and the plaintiff contended that at the view defects might have been revealed to the jury which were not disclosed by the evidence in court and were not included in the special questions submitted to the jury, and therefore that the judge was not justified in ordering a verdict for the defendant. The bill of exceptions stated that it contained "all the material evidence in the case," and it contained no reference to any alleged defect in the wagon that was pointed out to the jury other than its condition "in respect to the king-pin." *Held,* that an assumption that other defects were disclosed by the view could not be made by way of conjecture in favor of an excepting party, who had failed to show that he was prejudiced by the action of the judge in ordering the verdict.

It long has been settled in this Commonwealth that a presiding judge in a case where the jury have taken a view may none the less on that account rule upon the effect of the evidence and order a verdict.

TORT for personal injuries to the plaintiff's right leg received on May 3, 1913, when the plaintiff was employed by the defendant as a general farm hand, by reason of being thrown from the top

of a load of cord wood in a wagon of the defendant that tipped over owing to an alleged defect in the wagon. Writ dated July 17, 1913.

In the Superior Court the case was tried before *Sanderson,* J. The facts shown by the evidence are stated in the opinion. The jury took a view of the wagon.

At the close of the arguments the judge stated that he had prepared certain questions which he would submit to the jury. The counsel for the plaintiff thereupon asked the judge to submit the case to the jury for a general verdict, which the judge refused to do.

At the close of his charge the judge submitted to the jury seven questions, explaining the purpose of each. These questions, with the answers of the jury, were as follows:

"1. Did any careless act of the plaintiff contribute as a cause to the tipping over of the load of wood?" The jury answered, "No."

"2. Did any careless act of Robert Frazell [the defendant's foreman] cause the load of wood to tip over?" The jury answered, "No."

"3. Was the king-pin a suitable and proper king-pin for the wagon on which the plaintiff was riding?" The jury answered, "Yes."

"4. Was the condition of the wagon in respect to the king-pin a defective or dangerous condition?" The jury answered, "Yes."

"5. Was the condition of the wagon, in respect to the king-pin, obvious to the plaintiff?" The jury answered, "No."

"6. Was the condition of the wagon in respect to the king-pin a cause of the accident?" The jury answered, "No."

"7. If the jury answer 'Yes' to question No. 6, — in what way the king-pin was the cause of the accident, — in what way was it the cause of the accident? If your answer to No. 6 was 'No,' you would have no occasion to answer No. 7." The jury returned no answer to this question.

Thereupon the judge directed a verdict for the defendant; and the plaintiff alleged exceptions.

*D. W. Lincoln,* (*C. B. Rugg* with him,) for the plaintiff.

*G. A. Ham, R. H. Willard & W. H. Taylor,* for the defendant, submitted a brief.

DE COURCY, J. The plaintiff, a general farm hand, employed by the defendant, was injured by being thrown from a wagon. After leaving the cart path he had driven the horses upon the rough and sloping wood lot, and he and the foreman, Frazell, had loaded on cord wood to the height of four feet. He had mounted the load, taken the reins in hand and was attempting to start the horses when the wagon tipped over and he went down with the load. The horses remained standing and the front wheels upright, but the hind part of the wagon separated from the front where the king-pin or king-bolt entered the head of the front axle.

The alleged negligence of the defendant was a failure to provide a safe and suitable wagon. The plaintiff contended that the king-bolt, connecting the body of the wagon with the front wheels, was too short by three fourths of an inch to reach the bottom of the hole in the front axle, and was not secured by a nut or key or chain. Apparently the trial judge understood from the course of the trial that this was the only defect relied on. At the close of the argument he stated that he had prepared certain questions which he would submit to the jury. These questions embraced the issues of the plaintiff's due care, the negligence of the defendant and the care of the fellow servant, Frazell. It seems manifest from the charge that they were designed to "ascertain so far as is practicable all the facts . . . as to liability . . . necessary on any theory of the law to enable the court to make the proper final disposition of the case" under St. 1913, c. 716, § 2. See *Lodge* v. *Swampscott*, 216 Mass. 260, 263. The counsel for the plaintiff made no objection to the form of the proposed questions, and did not ask that any additional ones should be framed, embracing other issues of fact. He did ask the judge to submit the case to the jury for a general verdict; but took no exception to the refusal to do so.

The jury answered that the condition of the wagon in respect to the king-pin was defective or dangerous, but that this condition was not a cause of the accident. Thereupon the court directed a verdict for the defendant; to which the plaintiff duly excepted.

It is argued by the plaintiff that there was evidence for the jury of defects in the wagon that were not included in the questions framed. Although there is grave doubt as to whether this contention is now open to him, in view of the conduct of the trial, we prefer to assume that he has not waived it.

Two particulars are relied on. The first is the testimony of the defendant that "since the accident he had a piece of iron put on the side and top of the wagon as he recollected so that it would carry a load without sagging." It is settled that subsequent acts in taking additional precautions to prevent other accidents are not admissible in evidence for the purpose of showing that such precautions were needed at the time of the accident. *Shinners* v. *Proprietors of Locks & Canals*, 154 Mass. 168. *Silva* v. *Davis*, 191 Mass. 47. Further, this testimony must be considered in connection with what the defendant said immediately after that quoted, namely, that the wagon "was repaired the month before the accident and a new body put on." There was no evidence that the wagon sagged before the accident. On the contrary all of the testimony was in accord with that of the plaintiff's own expert, who said that "as far as the wheels, axles, body, poles and strength of the wagon are concerned, he believed the wagon was perfect."

The main contention of the plaintiff is that the view of the wagon taken by the jury may have revealed defects other than those embraced in the questions as framed, and not disclosed in the evidence in court; and that for this reason the judge was not warranted in directing the verdict.

It is to be noted that the question before us is not whether, or to what extent, the impressions received by the jury when viewing the wagon are to be considered as evidence in the case. The narrower question presented here is, has the plaintiff, as excepting party, shown that he was prejudiced by the action of the judge. Manifestly this must be determined by what appears in the record before us, which purports to contain "all the material evidence in the case." If any alleged defect in the wagon, other than its condition "in respect to the king-pin" was pointed out to the jury, the plaintiff had a right to have the fact incorporated in the bill of exceptions. *McMahon* v. *Lynn & Boston Railroad*, 191 Mass. 295. It is necessary to have it appear of record in order that this court may determine whether there was anything in the case, to be derived either from the testimony or from the view of the wagon, which entitled the plaintiff to go to the jury on any issue not embodied in the questions submitted to them. *McCarty* v. *Fitchburg Railroad*, 154 Mass. 17, 20; and adapting what was

said by Knowlton, C. J., in *Williams* v. *Citizens' Electric Street Railway,* 184 Mass. 437, "We cannot assume in favor of the excepting party that the inspection of the [wagon] by the jury added anything to the evidence stated in the bill of exceptions." We find no basis in the record for a contention that the view disclosed any defect in the wagon other than what was covered by the questions as framed. It is mere conjecture to say that the view may have revealed some other defects.

It long has been settled in this Commonwealth that the trial judge properly may rule upon the effect of the evidence, and direct a verdict, notwithstanding the fact that the jury has taken a view. *Rigg* v. *Boston, Revere Beach, & Lynn Railroad,* 158 Mass. 309. It may become his duty, when the testimony discloses what occurred at the view, to instruct the jury to disregard certain facts which they observed, as not being within the scope of the view they were directed to take, or as irrelevant to the issues in the case. Unless facts relied on in connection with the view are embodied in the record, a litigant may be unable to bring before this court all the evidence on which the jury based their verdict, and thereby may be denied an opportunity for the correction of error committed in the trial court.

In the present case, as the plaintiff's exceptions do not disclose any evidence of defects in the wagon other than those embraced in the questions to the jury, he fails to show that he was prejudiced by the action of the judge in directing a verdict. See *Fitchburg Railroad* v. *Eastern Railroad,* 6 Allen, 98; *Tully* v. *Fitchburg Railroad,* 134 Mass. 499.

*Exceptions overruled.*