RAYMOND G. MANCHESTER *vs.* CITY OF ATTLEBORO.

Bristol.     October 22, 1934. — November 30, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Evidence*, Competency, Relevancy, Admission.

Where, at the trial of an action of tort against a city for personal injuries sustained when the plaintiff at night fell into an insufficiently lighted trench across a sidewalk, it was not disputed that the trench was dug and maintained by the defendant's water department, evidence, that shortly after the plaintiff was injured and the defendant's superintendent of public works had received notice thereof, the superintendent sent an employee of the defendant who changed the position of a barrier along the trench and hung some lanterns on the barrier, was not admissible on the ground that it had a bearing on the question of control over and responsibility for the trench, no such question being in issue, and was incompetent as an admission of negligence by the defendant; and the admission of such evidence was error prejudicial to the defendant.

TORT.   Writ dated January 12, 1931.

The action was tried in the Superior Court before *Morton*, J.   There was a verdict for the plaintiff in the sum of $2,500.   The defendant alleged exceptions.

The case was submitted on briefs.

*T. F. O'Brien & S. E. Bentley*, for the defendant.

*W. A. Swift & W. M. Swift*, for the plaintiff.

LUMMUS, J.   The plaintiff obtained a verdict for personal injuries sustained when at night he fell into a trench dug across a sidewalk by servants of the water department of the defendant.   There was evidence for the plaintiff that the trench was left insufficiently lighted.

Subject to exception by the defendant, the plaintiff was permitted to prove that shortly after the occurrence of the injury, the superintendent of public works of the defendant was notified, and sent an inspector who changed the position of the "horse" or barrier so that it stretched across the sidewalk, and then hung four lanterns on it.

There was no question that the trench was dug and maintained by the water department, and consequently the admission of the evidence cannot be supported on the ground that it bore upon the question of control over, and responsibility for, the excavation.   *Perkins* v. *Rice*, 187 Mass. 28.   *Baum* v. *Ahlborn*, 210 Mass. 336.   The case falls within the rule that the taking of additional precautions after an accident is not competent as an admission that insufficient care had been exercised before.   *Shinners* v. *Proprietors of Locks & Canals*, 154 Mass. 168.   *Gauvreau* v. *Gulf Refining Co.*, *ante*, 54.   *Knowles* v. *Great Atlantic & Pacific Tea Co.* 287 Mass. 400, 403.

*Exceptions sustained.*