ELIZABETH DICKSON *vs.* GUARANTY BANK & TRUST
COMPANY.

Worcester. September 22, 1959. — November 4, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Negligence*, Bank, One owning or controlling real estate, Contributory.

Evidence of the arrangement and appearance of the premises of a bank
   and of the circumstances in which a customer approached a teller's
   window at a counter immediately adjacent to the top of an unguarded
   stairway, waited in a line of customers at the window, and, after trans-
   acting her business with the teller, stepped backward to get out of the
   line and fell down the stairway warranted a finding of negligence
   toward her on the part of the bank and did not require a ruling that
   there was contributory negligence on her part.

TORT. Writ in the Superior Court dated February 6, 1958.
The action was tried before *Gourdin,* J.
*Philip J. MacCarthy,* for the defendant.
*Francis W. Conlin,* for the plaintiff.

COUNIHAN, J. In this action of tort the jury returned a
verdict for the plaintiff after the defendant had excepted to
the denial of its motion for a directed verdict. There was
no error.

The evidence in its aspects most favorable to the plaintiff
discloses the following: The plaintiff on April 12, 1956, at
about noontime, entered the banking premises of the de-
fendant on Main Street, Worcester. The premises were
crowded with customers of the bank. Upon inquiry she was
directed by an employee of the defendant to the place where
she wanted to conduct her business. She walked over and
got into a line behind five or six people who were approaching
a teller's window. As she walked toward this line, the people
in it obscured her view of the top of a stairway which was
located directly behind the line of people. This stairway

was immediately adjacent to and parallel to the counter where the teller's window was located. While waiting in this line, she directed her attention to the entrance of the bank to observe people entering. She reached the counter and transacted her business with a clerk behind the counter. She remained at the counter briefly examining a bond which she apparently had purchased there. Someone behind her was pushing and crowding into her, so she took one step backward with her left foot to get out of the line and as she did so she fell into the open stairway just back of her, sustaining injury. There was no gate, rail or chain across the top of the stairway.

We have before us photographs of the top of this stairway which were in evidence at the trial. They show a banking counter running along the edge of the area where customers did business and which extended along the wall of the stairway, without any break in its color, shape, size or design. The lower part of this counter forms part of the left wall of the stairway. The floor of the banking premises and the stairway appear to be of the same color.

The established and frequently cited rule regarding the duty of a storekeeper toward a customer in respect to the condition of premises to which a customer is invited applied here. *Rossley* v. *S. S. Kresge Co.*, *ante*, 654. Numerous cases involving the application of this rule are collected in *Letiecq* v. *Denholm & McKay Co.* 328 Mass. 120. We think that the instant case falls within those cases in which a finding of negligence has been held warranted. In the circumstances of the instant case the jury warrantably could have found that the presence of this unguarded and unprotected stairway could not have been discovered by the plaintiff because the crowded condition of the premises and the line of people approaching the banking counter obscured her view of it.

We think that the proximity of the banking counter and the position of the teller in relation to the top of the open stairway, together with the continuity of the lower part of the counter and the similarity in color and design of the

floor of the premises with the top of the stairway without any gate, rail or chain, could be found to have constituted faulty construction or negligent planning by the defendant in the use of its premises. It was open to the jury to conclude that the defendant should have foreseen that what happened would happen. See *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189; *Coates* v. *First Natl. Stores Inc.* 322 Mass. 563; *Giacomuzzi* v. *Klein*, 324 Mass. 689, 692.

There was no basis for a ruling by the judge that the plaintiff was barred by contributory negligence. "She was entitled to room in which to turn around . . . ." *Robicheau* v. *Supreme Markets, Inc.* 333 Mass. 608, 610.

*Exceptions overruled.*