DEFENDANTS’APPEAL (94WAD 009)
Teahan, J.
We review this tort action arising out of a fall in a supermarket upon claims of a report by the defendant.
The plaintiffs, Lynn Gonyea and her husband, were shopping at a Stop & Shop in Springfield on September, 24, 1989 in mid-afternoon when she fell in an aisle. The floor was wet and neither she nor her husband observed any warning signs. The store manager upon notification of the incident went to the location and subsequently completed a form entitled “Report of Accident or Injury,” the admission into evidence of which after the denial of a motion in limine is largely the focus of the defendants’ appeal. That pre-printed report form contained handwritten responses to questions by the manager that included (“describe any defects”) the entry “floor was wet, it had been mopped.” That entry followed a question, “did you inspect location immediately after accident” to which he entered “yes.” The report viewed in its entirety contained information obtained by the manager-witness from the plaintiff, (such as names of all employee witnesses, description of the accident [’’Mrs. Gonyea slipped on a wet floor. She strained her back.”]), as well as multiple questions completed by the manager about his observations of the floor and its surface condition, lighting and whether any foreign objects were observed (“no”). It concluded with “injured person’s story of how accident occurred,” (“she was walking slowly through produce department when she slipped and fell”). At trial, the report was admitted over renewed objections and the defendant properly claimed a report. The judge in written findings observed:
the report contains the store manager’s observations of the site of the fall. It contains no opinions as to the cause of the fall nor suggestions for remedial measures. It is merely his present sense impression and was admitted as a recording of the event (Report, Tab N, Findings & Order, paragraph 6.)
At trial the manager testified that he learned of the incident from the plaintiff who approached him in the front of the store, that he walked part of the way to the produce department, but that he did not go into the aisle where she fell. He was further questioned by the plaintiff about the contents of the “Report of Accident or Injury” and stated that he had seen the warning signs in the area and he, therefore, assumed the floor was wet but that he did not see the specific area (Report, page 6). The plaintiff *61 and her husband both testified that the floor was wet where the fall occurred.
The plaintiff suffered a sciatic nerve contusion resulting in a 5% permanent partial impairment, full time inability, to work from September 28, 1989 to December 2, 1989, and partial employment to January 16, 1990. She had a forty-six year life expectancy. The permanent partial disability disqualified her from some recreational pursuits due to pain.
The detailed written findings of the Court included, inter alia, finding credible the manager’s testimony that he observed the mop and bucket in the aisle in which plaintiff fell “still at the site” coupled with finding credible the testimony of an employee that as he mopped and posted signs, he moved the bucket to the next site. The findings included as follows:
Therefore the Court infers that the area was recently mopped or was still in the process of being mopped when (the plaintiff) slipped and fell.
In no findings did the Court mention the manager’s observations as narrated in the “Report of Accident or Injury.” It is clear from the findings that the thought process of the factfinder included inferential reasoning, as the basis for the finding of fact that the plaintiff fell on a recently mopped floor. In the “Findings of Fact” of the Court many of the “findings” are, in fact, recitations of what someone testified to rather than findings. That includes the reference to the written report completed by the manager. A fair reading of the Court’s “Findings and Order” includes the conclusion that the issue of the floor being wet as it bears on the finding of negligence was arrived at independently of the written report which, if relied upon, would have permitted a factual finding on the floor’s condition directly rather than by inference.
The Court entered a finding for the plaintiff on Count III in the amount of $63,000 and for her husband on Count IV for $6,300.
At the completion of trial the defendant filed five requests for rulings of law. Requests 1, 2, 4 and 5 were “denied, inapplicable to facts found”; Request 3 was allowed. The plaintiff filed twenty-two requests for rulings of law. All were allowed.
The defendant, in support of its appeal, has briefed multiple areas including:
a) admission of the accident report and its use in cross-examination of the store manager (claim of report filed);
b) admission of testimony from the plaintiff Lynn Gonyea relating to the manager allegedly telling her that another customer had fallen in the same area that morning (no claim of report filed under Rule 64 (a));
c) insufficiency of evidence on negligence to support a finding (Defendant’s request for ruling #1);
d) Court’s alleged prejudicial error in not finding comparative negligence (Defendant’s Request for Ruling #2) (Report, Defendant’s Claim of Report at F);
e) Court’s alleged prejudicial error in awarding excessive damages (Report, Defendant’s Claim of Report at G);
$ allegations of bias and prejudice by Court (Report, Defendant’s Claim of Report on Denial of Motion for New Trial, at J);
g) failure to grant new trial (Report, Defendant’s Claim of Report on Denial of Motion for New Trial at J).
In its claim of report, denial of defendant’s request for rulings 4 and 5 was not pursued and those issues are not subject to review. Neither has the defendant pursued by brief its claim of report as to the allowance of the plaintiffs’ requests for rulings of law 1 to 21, or the contents of paragraphs E, F, H, I and K of defendant's claim of report, (Report, page 7). They are deemed waived. Dist./Mun. Cts. R Civ. E, Rule 64(f).
*62 We consider the defendant’s arguments a, c, d, e, f and g as above set forth. Argument b) is not considered as it was preserved neither by a claim of report under Rule 64(a) nor in Defendant’s Claim of Report (Report, page 7).
I. ADMISSION OF THE “REPORT OF ACCIDENT OR INJURY’
The motion in limine denied by the Court sought to exclude the accident report which was asserted to consist of “after the fact ideas of how to prevent future accidents.” (Report, Tab F). It is the clear public policy proscription of the Commonwealth that not only evidence of subsequent repairs, but also results of a defendant’s accident investigations into causes, require exclusion from evidence. Reasoning that investigation is required to determine cause, that exclusion is an extension of evolving law in the Commonwealth. Martel v. Massachusetts Bay Transportation Authority, 403 Mass. 1, 4-5 (1988). The area of exclusion of subsequent remedial measures has usually arisen through a plaintiff’s effort to elicit an opinion about the cause of an accident which is based upon investigation or evidence of physical or design modification. A careful review of the one-page report admitted following denial of the motion in limine reveals no after-the-fact ideas of how to prevent future accidents, assertions in the motion in limine notwithstanding. Instead it is a simple business record of primary facts recording the manager’s observations and immediate knowledge coupled with preservation of plaintiffs’ statements of the incident. It contains no reference to judgment, discretion or proposed or actual investigation. Nothing contained in the report approaches the concept of subsequent remedial measures contemplated or undertaken. It is a simple business safety record devoid of hint of remedial measures or investigation.
In her written findings, the trial judge justified the reports admission as a statement of the manager’s obsei'vations and referred to the theory of admissibility as a “present sense impression.” Recognizing that exception to the hearsay rule as not accepted in Massachusetts, it is nonetheless apparent that the prejudicial impact of its admission assuming no alternative theory of admissibility is practically non-existent.[3]
In sum, nothing in the report goes beyond the testimony of the plaintiff, Lynn Gonyea, and her husband’s testimony other than the apparent observations of the manager. Assuming the report’s admission to be erroneous, it is harmless and its contents cumulative at best. The report’s admission was harmless error.
II. INSUFFICIENCY OF EVIDENCE OF NEGLIGENCE
The facts contained in the report coupled with the Court’s written findings of fact and conclusions of law make it clear that the Court found the plaintiff, Lynn Gonyea, slipped on a floor recently mopped without warning signs in close proximity to the site of the fall. The evidence presented and the Court’s findings of fact from the evidence support a finding of negligence. There was no error of law.
III. ALLEGED PREJUDICIAL ERROR IN NOT FINDING COMPARATIVE NEGLIGENCE
This issue is wholly a matter of fact and application of legal principles. There is no legal merit to this contention.
IYALLEGATIONS OF EXCESSIVE DAMAGES, JUDICIAL BIAS TOWARD DEFENDANT AND FAILURE TO GRANT NEW TRIAL
It is clear that the award of damages in this case differed considerably from the defendants subjective beliefs of its monetary value. In the construction of its motion for new trial as well as its argument by brief in these areas, the defendant has demon- *63 stated limited gifts for subtlety coupled with an overindulged penchant for caustic observation. Legal briefs are expected to argue from the evidence of record urging conclusions of law from accepted sources. The content of defendant's brief in these areas deviates from the acceptable. The Court's denial of the motion for new trial, as presented, was wholly discretionary and not subject to review on the report presented. Rule 59(a), Dist./Mun. Cts. R Civ. R The denial of the motion is let on these facts to the sound discretion of the trial judge. Kord v. Baystate Medical Center, Inc., 13 Mass. App. Ct. 909, 910 (1982). The issue of damages on these facts was inherently subjective and defendants views (as voiced) are neither welcome nor encouraged in the future.
On all of the areas properly preserved for report we find no error.
Report dismissed.
PLAINTIFFS’ CROSS-APPEAL (94WAD 0010)
After trial and entry of judgment, the defendant filed a draft report which was allowed September 29, 1993 and notice sent to the parties. Notwithstanding notice, the defendant failed to file its report or pay the filing fee. On October 15, 1993, within the fifteen-day period, the defendant sought an extension, but erroneously did so with the Appellate Division. The motion was allowed by a Justice of the Appellate Division. No notice of this action was sent to the District Court or counsel. The District Court then dismissed defendant’s appeal on November 9, 1993 and issued an execution for $91,045.28 based on the non-perfection of defendants appeal and after notification from the Presiding Justice of the Appellate Division that the motion’s allowance was in error. Both sides were similarly notified. The Appellate Division extension was until November 18, 1993. The defendant then brought a motion to vacate judgment narrating the events preceding the issuance of the execution. On November 19, 1993, the motion was denied with written findings indicating that defendants’ counsel’s broad assertions of a busy trial schedule and a lack of supporting affidavits were insufficient to allow a finding of excusable inattention. A motion for reconsideration was heard and allowed December 3, 1993 and the judgment was vacated and re-entered as of that date to allow perfection of defendants’ appeal. The plaintiffs claim to be aggrieved by the allowance of the motion to reconsider, the denial of the motion to vacate and allowance of a motion to stay execution.
The defendant, following notice of the District Court, failed to perfect its appeal properly under Dist./Mun. Cts. R. Civ. P, Rule 64(f). Notice to parties of the allowance of the report was dated September 29,1993. Within the fifteen-day period for filing of briefs and the payment of a filing fee, a motion to extend time to November 18, 1993 was filed erroneously with the Appellate Division and allowed. Unaware of that action and not communicated with by either the defendant or the Appellate Division, the District Court issued an execution on November 9, 1993 with notice stating “appeal not perfected.” It is noted that ambiguity exists in Rule 64(f) as to the place of filing briefs or payment of fee. The District Court notice of September 29, 1993 tracked the rule without amplification.
Any irregularities in the procedure followed by the defendant are balanced by its timely albeit misfiled (and mis-allowed) motion to the Appellate Division. In using discretion to allow the motion to reconsider, the Court was not limited to Dist./Mun. Cts. R. Civ. P, Rule 60(b)(1) as argued, including determinations of excusable neglect, but also Rule 60(b)(6) (“any other reasons justifying relief’). We are not prepared to say that the Court exceeded its discretion as a matter of law. The consequences of discretionary denial of the motion are logically outweighed by the efforts of the defendant to perfect its appeal and the intervening Appellate Division action in purporting to grant an extension. The allowance of a motion to reconsider the denial of a motion to vacate judgment, after initial denial, was a valid discretionary act upon these facts.
The report is dismissed.

A reading of the report would rather clearly indicate its admissibility as a business record under c. 233, §78. While no offer of a foundation was made, it appears facially to qualify under that section. See Comm. v. Trapp, 396 Mass. 202, 208 (1985)
The contents of the report were also admissible as a prior inconsistent statement to impeach the manager who denied seeing the wet area although it is clear they were not offered for such purpose and admitted substantively. See Prop. R Mass. Evid. 407. See Martel v. Massachusetts Bay Transportation Authority, supra, at p. 6, fn. 2.