JOSEPH PUOPOLO & others[1] *vs.* HONDA MOTOR CO., LTD., & another.[2]

No. 94-P-1159.

Middlesex. June 12, 1996. - August 13, 1996.

Present: KASS, SMITH, & LENK, JJ.

*Evidence,* Expert opinion, Relevancy and materiality. *Witness,* Expert. *Negligence,* Manufacturer of motor vehicle.

At a negligence trial, error, if any, in the judge's exclusion of the proffered opinion testimony of the plaintiff's expert on the ultimate issue in the case did not make a material difference in the outcome of the trial, where the expert's opinion was implicit in the answers to the questions put to him. [98-100]

CIVIL ACTION commenced in the Superior Court Department on August 23, 1990.

The case was tried before *Charles J. Hely,* J.

*Edward J. O'Brien* (*Judith T. Trosello* with him) for the plaintiffs.

*David H. Sempert* (*Susan Donaldson Novins* with him) for the defendants.

SMITH, J. Joseph Puopolo (plaintiff) brought an action in the Superior Court alleging that he was injured when struck by a 1988 Honda Prelude manufactured and distributed by Honda Motor Company, Ltd., and American Honda Motor Co., Inc. (defendants). Puopolo claimed that the Honda Prelude was defective, dangerous, not of merchantable quality, and unfit for its intended uses and purposes. Puopolo's wife and their three minor children brought claims for loss of consortium.

The matter was tried before a jury. The jury, answering

---

[1]Dolores Puopolo and three minor children.

[2]American Honda Motor Co., Inc., James Honda and Darren Shanafelt were also named defendants. James Honda settled and Shanafelt defaulted.

special questions, found that neither defendant was negligent and that neither defendant was in breach of an implied warranty of merchantability. On appeal, the plaintiffs raise one issue — whether the trial judge committed error in excluding the testimony of the plaintiffs' expert that the lack of a starter interlock caused the defendants' Honda Prelude to be unreasonably dangerous.

We summarize those facts which we deem to be sufficient to establish a background for our analysis of the issue. Puopolo owned a service station which cleaned new cars for automobile dealerships. On January 27, 1989, he had finished working on a 1988 Honda Prelude and went to the front of the bay to complete paperwork on the car. Puopolo's employee, one Shanafelt, entered the car, which had a five-speed manual transmission, to back it out of the bay. Shanafelt testified that he did not notice that the car had a manual transmission and turned on the ignition without noticing that the car was in gear. He further testified that although the emergency brake was on, and he did not depress the clutch or the gas pedal, the car jumped forward hitting Puopolo. It was Puopolo's theory at trial that the Honda which injured him was unreasonably dangerous and defective because it was not equipped with a manual transmission starter interlock.[3]

Puopolo's expert witness testified that a manual transmission starter lock system would have prevented the Honda Prelude from moving forward and striking Puopolo. The expert was asked whether, in his opinion, the Honda without a starter interlock was unreasonably dangerous. There was an objection. The following occurred:

> PLAINTIFFS' ATTORNEY: "Looking at this particular vehicle, this 1988 Honda Prelude, do you have an opinion as to whether or not its lack of a starter interlock caused it to be unreasonably dangerous?"
>
> DEFENDANTS' ATTORNEY: "Same objection."
>
> THE COURT: "Let me think that through. I'm going to sustain the objection. I'll explain, Jurors, the ultimate question of whether the particular vehicle was unreason-

[3]A manual transmission starter interlock is a device, either mechanical or electrical, or both, which prevents the starter motor from turning the engine over unless the clutch is engaged or the transmission is in neutral.

ably dangerous is something for the jury to determine, and you are well equipped to determine, applying your understanding of the law as I will explain it to you, and applying your judgment and reasoning. So, it's not something that's a special expertise, beyond what I have permitted is necessary for it."

On appeal, Puopolo argues that the judge committed error. The defendants contend, however, that the testimony was properly excluded because it reached the ultimate issue in the case.

An expert witness may give testimony "on matters within the witness's field of expertise [and this testimony] is admissible whenever it will aid the jury in reaching a decision, even if the expert's opinion touches on the ultimate issues that the jury must decide." *Simon* v. *Solomon*, 385 Mass. 91, 105 (1982) (expert may offer opinion on the ultimate issues that the jury must decide); *Martel* v. *Massachusetts Bay Transp. Authy.*, 403 Mass. 1, 3-4 (1988) (judge erred in excluding plaintiff's proffered evidence as improper expert opinion evidence on ultimate issue in case); *Welch* v. *Keene Corp.*, 31 Mass. App. Ct. 157, 165 (1991) (simply because a witness's testimony goes to the "ultimate issue" of the case does not make it inadmissible).[4]

Generally, however, an expert should not testify to whether a defendant was negligent or to other such matters which "touch[ ] on reasonable care, an issue properly left for the jury." *Welch* v. *Keene*, 31 Mass. App. Ct. at 165 nn.9 & 10. See *Matteo* v. *Livingstone*, 40 Mass. App. Ct. 658, 663 (1996). See also *Birch* v. *Strout*, 303 Mass. 28, 32 (1939) (defendant not allowed to give opinion on his own negligence). In deciding whether or not expert opinions are admissible, the trial judge must be accorded broad discretion. *Commonwealth* v. *Woods*, 419 Mass. 366, 374-375 (1995) ("trial judge has broad discretion with respect to the admission of expert testimony").

Here, the expert was asked to give his opinion on the

---

[4]Allowing experts to so testify relaxes the old rule that prohibited experts from testifying on an issue that was ultimately for the jury to decide. The old rule was relaxed because (1) the distinction between ultimate and non-ultimate issues is often impossible to make and (2) the rationale of the rule is not justified because the jury is free to disregard opinion testimony and draw its own conclusions. Liacos, Massachusetts Evidence § 7.3, at 367 (6th ed. 1994).

ultimate issue in the matter. Indeed, one of the special questions that the jurors were asked to answer was framed in almost the identical language of the question asked of the expert — the answer to which the judge ruled to be inadmissible. It is clear that the judge based his decision on his belief that, upon the evidence, the jury were capable of applying their collective judgment and determining if, in fact, the 1988 Honda Prelude was unreasonably dangerous without the starter interlock.[5]

In any event, even if the judge committed error when he excluded the testimony, it does not amount to reversible error. "The erroneous exclusion of expert testimony does not warrant a new trial unless the substantial rights of a party are adversely affected. . . . Exclusion of relevant evidence, however, 'is reversible error unless, on the record, the appellate court can say with substantial confidence that the error would not have made a material difference.'" *Fourth Street Pub, Inc.* v. *National Union Fire Ins. Co.*, 28 Mass. App. Ct. 157, 163 (1989) (citations omitted).

Here, the plaintiffs' expert was allowed to testify that, as of 1988, it was technologically feasible to have a starter interlock in the car and that there were no disadvantages to having such a device that could not be compensated for by other technology. He testified that it would not have been an economic burden on the manufacturer to install such a device — it only cost about fifty cents to include the starter interlock in the car. He also stated that he tested what occurs when a car is left in gear and the ignition is turned without putting a foot on the clutch when there is no interlock — it moves forward a few inches, very slowly, and then, in less than a second, the engine catches and the car flies forward — moving very fast. He testified that in 1989 Honda started installing manual transmission starter interlocks and that, in his opinion, if the

---

[5]The judge was evenhanded in his decision to exclude expert testimony on this issue. When defense counsel asked one of his experts for an opinion on whether a starter interlock was necessary or appropriate, the judge disallowed the question. See *Welch* v. *Keene*, 31 Mass. App. Ct. at 165 n.10.

vehicle in the accident had a starter interlock, it would not have moved. The expert's opinion that the Honda Prelude was unreasonably dangerous was implicit in his answers to the other questions put to him.

*Judgment affirmed.*