Greco, J.
This is an action in tort against the operator of a movie theater to recover for personal injuries sustained by a patron who fell as she exited the theater. Judgment was entered for the plaintiff. The defendant filed this Dist./Mun. Cts. RADA, Rule 8C appeal on a charge of error in the trial court’s (1) denial of the defendant's Mass. R. Civ. R, Rule 41(b)(2) motion for involuntary dismissal made at the close of the plaintiff’s evidence and renewed at the conclusion of trial, and (2) admission into evidence of hearsay statements of the defendant’s manager.
The trial judge made voluntary findings of fact, which included the following: six months before the plaintiff’s fall, the defendant removed two rows of seats from the front of the seating area on the left hand side of the theater; the section where *151 the seats had been was an open, uncarpeted, concrete surface; the plaintiff fell in this area; a patron proceeding toward a front exit, as the plaintiff was doing, would walk, without warning, from a carpeted surface to the concrete surface; a number of people had slipped and lost their footing on this concrete floor; and the defendant knew of these prior incidents and did nothing to correct the situation. Based on said findings, the trial judge concluded that by removing the seats and leaving an uncarpeted, concrete surface over which exiting patrons would travel, the theater “created a danger to the public,” breached its duty to maintain the premises in a safe manner and to warn of existing dangers, and that such breach was a direct and proximate cause of the injuries sustained by the plaintiff.
1. The denial of the defendant’s motion for involuntary dismissal was proper if “anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.” Joseph Freedman Co. v. North Penn Transfer, Inc., 388 Mass. 551, 554 (1983), quoting from Raunela v. Hertz Corp., 361 Mass. 341, 343 (1972). See also DeVito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 4849. Since the defendant elected to present evidence after its motion was initially denied at the close of the plaintiffs case, it is necessary to examine all the evidence introduced at trial to determine if the court’s findings were supported by the record. See Concord Oil Co. v. Palmer, 1984 Mass. App. Div. 121, 123.
At trial, there was evidence tending to show that the plaintiff, a fifty-nine year old woman, went to a movie at the defendant’s cinema complex with her daughter, grand-daughter and a friend. At the end of the movie, the plaintiff and her companions left their seats and proceeded down a carpeted aisle toward the exit at the front of the theater. When the plaintiff reached the end of the rows of seats, she walked from a carpeted surface onto a concrete surface. Immediately after stepping onto the concrete, the plaintiff “slipped and went down.”
The plaintiff testified that she fell because “something slippery” was on the floor which “could have been butter or tonic.” Other testimony as to the existence of a foreign substance indicated that the floor was not dry, but “looked to be slippery, greasy maybe, oily,” and that the substance “looked like butter, and it was slippery and shiny...” The defendant’s theater manager testified that substances spilled on carpet, such as a liquid or buttered popcorn, rendered the concrete floor more slippery than a carpeted surface.
There was also ample evidence to support the judge’s findings that the plaintiff fell on a concrete surface after having just walked from a carpeted surface, that there had been seats in this area which the defendant had removed, and that there was no warning of the “transition” from one surface to the other. At the close of the plaintiff’s case, the only evidence of the removal of the seats was the hearsay statements of the defendant’s manager which were admitted over the defendant’s objection. However, the defendant called its manager as a witness as part of its case, and the manager’s in-court testimony mirrored the earlier hearsay. The manager gave her opinion that “something should [have been] put in ... [the] area [of the fall], either the chairs should [have been] put back or something.”
Thus viewed in the light most favorable to the plaintiff, the evidence warranted a finding that the plaintiff fell on a slippery substance on a concrete floor, that the location of the fall was near the seating area, that it had to be traversed by a patron exiting the theater and that it had previously been carpeted. Such evidence was insufficient to have permitted a finding for the plaintiff, and the defendant’s motion for involuntary dismissal should have been allowed.
As a theater operator, the defendant had the same duty of reasonable care as any other business owner. Upham v. Chateau de Ville Dinner Theatre, Inc., 380 Mass. 350, 353 (1980). The defendant was thus obligated to use ordinary care to maintain the premises in a reasonably safe condition, and to warn theater patrons of dangers of which they might not be aware, but which were known, or should *152 have been known, to the defendant Altman v. Barron’s, Inc., 343 Mass. 43, 46 (1961); Draper v. Kids “R” Us, 1996 Mass. App. Div. 27, 28. The defendant could be held liable for a breach of such duty only where the plaintiff’s injuries were proximately caused by a defect or dangerous condition which the defendant created, had actual knowledge of, or should have discovered and remedied in the exercise of due care. Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973); Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263, 265 (1961).
There was no evidence in this case that theater personnel placed a slippery substance on the concrete portion of the floor where the plaintiff fell, or had any knowledge of its existence prior to the incident. It was thus “incumbent upon the plaintiff to prove that the condition had existed for a sufficient period of time to have afforded the defendant an adequate opportunity to have discovered and corrected it prior to the plaintiffs accident.” Holding v. Toys “R” Us, 1997 Mass. App. Div. 76, 77. No such evidence was introduced. Further, the record is devoid of any support for the trial judge’s finding that “a number of people” had previously fallen in the area in question. The only evidence of “other falls” was the testimony of people in the plaintiff’s party who indicated that they also slipped as they were leaving that night. While the defendant’s manager testified that in the ten years she worked in the theater other people “probably” had fallen, such testimony could not logically refer to the area in question where the seats had been removed because they had been removed only months earlier. In fact, the manager expressly testified that “no one else slipped” in the area in question.
Thus the trial judge correctly found that the plaintiff could not prevail on a negligence claim based on a fall on a foreign substance.
2. However, the evidence was also insufficient to support the court’s finding that the plaintiff’s fall was caused by a dangerous condition created by the defendant’s removal of the seats in the area in question. While there was evidence of holes in the floor where the seats had once been attached, there was no evidence that the plaintiff stepped into or tripped in any such hole. Moreover, there was no evidence of any significant and sudden decline in the level of the floor. See Rosen v. Boston Symphony Orchestra, Inc., 315 Mass. 732, 734 (1944); Dickson v. Guaranty Bank & Trust Co., 339 Mass. 673 (1959) (bank customer fell down an unguarded stairway in close proximity to the teller’s window). Contrast, however, Gurll v. Massasoit Greyhound Ass’n., Inc., 325 Mass. 76 (1949) (drop of six to eight inches, without warning, held insufficient to warrant a finding of negligence).
Finally, there was no evidence that the concrete in the area of the fall was unusually slippery, or slippery at all, in its natural state. The evidence merely indicated that it would be more slippery than a carpet when wet. Indeed, the only evidence in this regard was that the surface was painted with “a special paint for floors,... a matt finish rubberall paint... put on floors that people walk on.” While the testimony of the defendant’s manager was helpful to the plaintiff, it was insufficient to sustain the plaintiff’s burden of proof. The manager’s statement that it would have been better to put the seats back fell well short of the expression of an opinion that it was negligent not to do so. Based on the evidence adduced at trial, the court’s finding for the plaintiff would require the imposition of what would be tantamount to strict liability on the defendant for its failure to caipet all theater walkways. The law has recognized no such liability in these circumstances.
3. We need not address at length the defendant’s charge of error in the admission into evidence of its manager’s out-of-court statements. Such hearsay evidence was merely cumulative of the testimony given at trial by the manager as a witness for the defendant, and its admission was thus harmless error. Commonwealth v. DeWolfe, 389 Mass. 120, 124 n.3 (1983); Fall River Savings Bank v. Callahan, 18 Mass. App. Ct. 76, 84 (1984); Gonyea v. The Stop & Shop Companies, Inc., 1995 Mass. App. Div. 60, 62.
*153 Accordingly, the trial court’s judgment for the plaintiff is reversed and vacated. Judgment is to be entered for the defendant, National Amusements, Inc.
So ordered.