Lowy, J.
We now address whether a defendant charged with murder is entitled to an instruction on the lesser included offense of manslaughter, even when the statute of limitations for manslaughter has lapsed. We conclude that, under Massachusetts law, a defendant is not entitled to a lesser included offense instruction when the defendant cannot be convicted of the offense due to the statute of limitations. A defendant may, however, elect to waive the statute of limitations and invoke his or her right to the lesser included offense instruction. The trial judge correctly presented this choice to the defendant, who declined to waive the statute of limitations. We affirm the defendant’s convictions.
Background. On September 13, 2013, a Middlesex County jury found Walter Shelley, the defendant, guilty of murder in the first *643 degree, as a participant in a joint venture.[2] On the defendant’s motion, the trial judge reduced the murder conviction to murder in the second degree pursuant to Mass. R. Crim. R 25 (b) (2), 379 Mass. 886 (1979). The charges stemmed from his involvement, along with two friends, in the 1969 death of fifteen year old John McCabe, the victim.
An indictment for murder was not returned against the defendant until after the investigation into the crime recommenced around 2007. Subsequently, the defendant and the two friends were charged with murder.[3] Although there is no statute of limitations for murder, there is a six-year statute of limitations for manslaughter. G. L. c. 277, § 63. There is no dispute that the defendant would have been entitled to a manslaughter instruction had the limitations period not run. Accordingly, we only briefly summarize the facts.
In 1969, the then seventeen year old defendant was upset with the victim for flirting with the defendant’s girl friend. The defendant, along with his two friends, drove to confront the victim. One friend forced the victim into the vehicle. The victim asked to be let out. The defendant instead drove to a large vacant area off of a dirt road in Lowell.
On arriving, they pulled the victim out of the vehicle and a brief altercation ensued. With the victim lying face down on the ground, one friend tied the victim’s ankles and wrists with rope. The friend tied another piece of rope around the victim’s neck, which he then tied to the rope binding the victim’s ankles. The victim’s eyes and mouth were taped shut. The defendant and his friends drove away, leaving the victim behind. The trio returned approximately forty-five minutes later to discover that the victim was not breathing. The defendant and his friends again drove away. Police discovered the victim’s body the next day.
Discussion. During his trial, the defendant requested that the judge instruct the jury on the lesser included offense of involuntary manslaughter. Generally, a defendant is entitled to an instruction on a lesser included offense of the charged crime, when the facts could support the lesser offense. See Beck v. Alabama, 447 U.S. 625, 638 (1980); Commonwealth v. Woodward, 427 Mass. 659, 662-663 (1998). Allowing a jury to convict a defendant of a *644 lesser included offense gives the jury a third option, beyond acquittal or conviction, that “ensures that the jury will accord the defendant the full benefit of the reasonable-doubt standard.” Beck, supra at 633-634, citing Keeble v. United States, 412 U.S. 205, 208 (1973). This rule mitigates concern that a jury would return a guilty verdict for the greater crime, even if they believe the prosecution has not proved each element, because the jury believe that the defendant’s conduct warrants some form of punishment. In some cases, the prosecution may request the lesser included offense instruction to increase its likelihood of obtaining some conviction for a defendant’s criminal conduct. See Woodward, supra.
The defendant’s request for a lesser included offense instruction in this case, however, presents a complication that this court has not addressed: how a trial judge should treat a request for a lesser included offense instruction when a conviction of that lesser included offense is barred by the applicable statute of limitations.
The trial judge applied a rule articulated in Spaziano v. Florida, 468 U.S. 447 (1984), overruled on other grounds by Hurst v. Florida, 136 S. Ct. 616, 623-624 (2016). The United States Supreme Court in Spaziano allowed a defendant to obtain an instruction on a lesser included offense that is time barred only if the defendant waives the statute of limitations defense. Spaziano, supra at 455-456. The judge declined to adopt two ostensibly more protective rules from other jurisdictions, as proposed by the defendant. The defendant declined to waive his statute of limitations defense, and the judge did not instruct the jury on manslaughter.
On appeal, the defendant argues that we should adopt one of the more protective alternative rules as a matter of State constitutional law, and the Commonwealth argues that we should apply the Spaziano rule. We decline to adopt the alternative rules suggested by the defendant. We conclude that due process in Massachusetts does not require more than the Federal rule articulated in Spaziano.
1. The three rides. In the Federal and State courts, three distinct rules have developed. First, as a matter of Federal due process, as articulated in Spaziano, a defendant’s entitlement to the lesser included offense instruction is contingent on his or her waiver of the statute of limitations defense. Spaziano, 468 U.S. at 455-456. A majority of States that have considered the issue have adopted the rule from Spaziano. See People v. Burns, 250 Mich. App. *645 436, 442-443 (2002), and cases cited. Second, in State v. Short, 131 N.J. 47, 62-63 (1993), the New Jersey Supreme Court held that the defendant is entitled to the lesser included offense instruction, without telling the jury that finding the defendant guilty of that offense would result in acquittal. See State v. Muentner, 138 Wis. 2d 374, 391-393 (1987) (same). Finally, in State v. Delisle, 162 Vt. 293, 305 (1994), the Vermont Supreme Court adopted a rule that upholds the defendant’s entitlement to the lesser included offense instruction, but also requires instructing the jury that finding the defendant guilty of the time-barred offense would result in acquittal. We first set out the Spaziano rule. Then, we address the two rules suggested by the defendant, and we explain why we decline to adopt each.
a. The Spaziano rule. In Spaziano, 468 U.S. at 455-456, the United States Supreme Court concluded that a defendant’s entitlement to a lesser included offense instruction, pursuant to Beck, did not extend to circumstances in which the statute of limitations for that lesser offense had lapsed. The Court reached this conclusion because Beck did not espouse a rule that “a lesser included offense instruction in the abstract” is required for a trial to be fair. Spaziano, supra at 455. Rather, entitlement to an instruction based on Beck exists only where ‘“the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit [that defendant] of the greater.” Beck, 447 U.S. at 635, quoting Keeble, 412 U.S. at 208. Thus, the purpose of the rule in Beck is to enhance the rationality of the jury’s decision. Spaziano, supra. But, “[w]here no lesser included offense exists, a lesser included offense instruction detracts from, rather than enhances, the rationality of the process.” Id.
For reasons discussed infra, among the three rules adopted by various jurisdictions, the Spaziano rule strikes the best balance between protecting the ‘“rationality of the process” and a defendant’s due process rights. When a defendant charged with murder cannot be convicted of manslaughter because of the statute of limitations, a jury cannot ‘“rationally . . . find [the defendant] guilty of the lesser offense.” See Beck, 447 U.S. at 635, quoting Keeble, 412 U.S. at 208. In such circumstances, the rationale from Beck does not apply. See Spaziano, 468 U.S. at 455-456. Similarly, due process as a matter of State constitutional law does not require a judge to deceive the jury by instructing them on a lesser included offense for which the defendant cannot be found guilty. See Delisle, 162 Vt. at 304 (“allowing a jury to find a *646 defendant guilty of a crime for which the defendant cannot be punished, even if the jury [have] no say in what the punishment will be, makes a mockery of the trial”). If, however, the defendant elects to waive the statute of limitations as a defense, then the defendant may be convicted of the lesser offense and, as such, he or she would be entitled to the lesser included offense instruction.[4] See Spaziano, supra at 455-456; Woodward, 427 Mass. at 662-663.
b. The Short rule. In New Jersey, a trial judge must give the jury an instruction on a time-barred, lesser included offense. Short, 131 N.J. at 62-63. However, the trial judge may not inform the jury that a conviction of that offense would be dismissed, due to the statute of limitations. Id. The New Jersey Supreme Court concluded that this rule does not objectionably deceive the jury because jurors are precluded from “considering] factors that may improperly [skew] their determinations of criminal guilt or innocence.” Id. at 60. The court reasoned that the jury’s job is ‘“to express an ultimate judgment of culpability” (quotation omitted). Id. Although this rule is maximally protective of the defendant’s rights, allowing the jury to believe incorrectly that they are rendering a valid conviction directly undermines the jury’s role in expressing a judgment of the defendant’s culpability. See Spaziano, 468 U.S. at 456 (“Beck does not require that the jury be tricked into believing that [they have] a choice of crimes for which to find the defendant guilty, if in reality there is no choice”).
Additionally, this deception may have the deleterious effect of undermining jurors’ faith in the court system. See Spaziano, 468 U.S. at 456; Delisle, 162 Vt. at 302-303. Although, as the defendant points out, in certain contexts we keep evidence from the jury, this does not deceive the jury into falsely believing that they have convicted a defendant of a crime. Evidence is kept from a jury due to a constitutional principle; to further some compelling point of public policy; or, in many circumstances, because of concerns regarding the evidence’s reliability. See, e.g., Crawford v. Washington, 541 U.S. 36, 68-69 (2004) (testimony that vio *647 lated defendant’s right to confront witnesses should have been excluded); Martel v. Massachusetts Bay Transp. Auth., 403 Mass. 1, 4 (1988) (subsequent remedial measures excluded for “public policy unrelated to the fact-finding process, that ‘a contrary rule would discourage owners from making repairs to dangerous property’ ” [citation omitted]); Commonwealth v. Helfant, 398 Mass. 214, 224 (1986) (propensity evidence excluded because it can be “highly prejudicial”). Ensuring the fairness of a defendant’s trial does not require deceiving the jury.[5] See Spaziano, supra; Delisle, supra.
c. The Delisle rule. Vermont has adopted a rule similar to the Short rule, but different in one critical respect. Like in Short, a defendant is entitled to the lesser included offense instruction without waiving his or her statute of limitations defense. Delisle, 162 Vt. at 304-305. If the defendant asserts the statute of limitations defense, however, the defendant may “obtain[ ] an instruction informing the jurors that, because the passage of time precludes prosecution for the lesser offense, they must acquit the defendant if they conclude that the evidence would support a conviction of the lesser crime only.” Id. at 305.
Although this rule is intended to afford greater protection of the defendant’s rights than did Spaziano, it does not. Rather, the jury face the same all-or-nothing proposition that exists in the absence of the lesser included offense instruction, except now the jury have been instructed that such conduct constitutes a crime for which the defendant will not be punished. In these circumstances, the jury no longer simply believe that the defendant may be “guilty of some offense” (emphasis in original). Beck, 447 U.S. at 634, quoting Keeble, 412 U.S. at 212-213. Instead, the jury have determined that the defendant is guilty of criminal conduct, and they know that if they return a guilty verdict for that conduct, the defendant will escape punishment due solely to the statute of limitations. We agree with the New Jersey Supreme Court that “telling the jury that [a] defendant would go free if convicted of *648 manslaughter ... all but invite [s] the jury to disregard the manslaughter instruction.” Short, 131 N.J. at 58.[6]
Conclusion. The trial judge correctly applied Spaziano and allowed the defendant to choose between asserting the statute of limitations defense or his right to a manslaughter instruction.

Judgments affirmed.

The defendant also was convicted of misleading a police officer, in violation of G. L. c. 268, § 13B.

One of the friends was tried separately and acquitted, and the other reached a cooperation agreement with the Commonwealth and testified.

Contrary to the dissent’s concerns, that Spaziano, 468 U.S. at 449, and Beck. 447 U.S. at 637-638, were death penalty cases only strengthens the basis for our resolution of this case. If due process in death penalty cases does not require allowing a defendant to obtain the benefit of both his or her right to a lesser included offense instruction and the statute of limitations defense, due process does not require that result in nondeath penalty cases.

Nor do we interpret G. L. c. 278, § 12, to require allowing the defendant to benefit from both the lesser included offense instruction and the statute of limitations instruction. See post at 649. In the event a defendant is acquitted of part of the indictment, § 12 merely permits a defendant to be “adjudged guilty” of a crime, “if any,” that is “substantially charged” by the “residue” of the indictment. If a lesser included offense is time barred, the defendant cannot be adjudged guilty of that crime, and, as we conclude supra, a defendant’s entitlement to a lesser included offense instruction extends only to those of which he or she can be convicted.

In cases in which the statute of limitations is contested, its applicability should be posed to the jury as a special question, prior to the remainder of the jury charge.